**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN H. MCKENNA | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | JUDGE MARBLEY |
| | : | |
| NESTLE PURINA PETCARE CO. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant.* | : | |

**ANSWER OF DEFENDANT NESTLE PURINA PETCARE COMPANY TO THE COMPLAINT OF PLAINTIFF KEVIN H. MCKENNA**

Now comes Defendant Nestle Purina PetCare Company (hereinafter "Nestle"), by and through undersigned counsel, and for its Answer to the Complaint of Plaintiff Kevin H .McKenna (hereinafter "Plaintiff"), states the following:

**FIRST DEFENSE**

1. Nestle admits Plaintiff did not properly execute a formal complaint of sexual harassment as alleged in Plaintiff's Amended Complaint.[1]

2. Nestle admits Plaintiff shared a consensual workplace friendship with co-worker, Nancy Goss as alleged in Plaintiff's Amended Complaint.

3. Nestle admits that on August 31, 2004, Plaintiff informed Ms. Carol Kagenski of his past relationship with Ms. Goss.

4. Nestle admits that on or about September 24, 2004, Ms. Kagenski met with Plaintiff regarding Ms. Goss and a letter Ms. Goss sent to Ms. Lisa Ellis. On this same date, Nestle suspended Ms. Goss pending further investigation.

---

[1] Nestle never received an Original Complaint.

1

5. Nestle admits that on or about September 28, 2004, Ms. Ellis provided it a copy of a letter sent to Ms. Ellis by Ms. Goss.

6. Nestle admits it terminated Ms. Goss as alleged in Plaintiff's Amended Complaint.

7. Nestle admits Plaintiff was placed on administrative leave and then terminated on October 14, 2004.

8. Nestle admits that on or about October 18, 2004, it received an email from Plaintiff pleading for reconsideration.

9. Nestle admits that on or about October 19, 2004, it informed Plaintiff, via written letter, that he was terminated.

10. Nestle admits that on our about April 4, 2005, Plaintiff filed a very poorly drafted Complaint with the Ohio Civil Rights Commission as alleged in Plaintiff's Amended Complaint.

11. Nestle admits that on or about August 3, 2005, the Ohio Civil Rights Commission dismissed Plaintiff's Complaint.

12. Nestle admits that on or about August 22, 2005, Plaintiff sent an email to Gary DeWit, Director of Human Resources, regarding this matter.

13. Nestle admits that it sent Plaintiff a response to the email stating the matter was carefully reviewed and Nestle considered it closed.

## SECOND DEFENSE

14. Nestle denies each and every allegation set forth in Plaintiff's Amended Complaint not expressly admitted herein.

15. Nestle further states Plaintiff included a list of exhibits with his Amended Complaint; however, Nestle denies receiving any exhibits with the Amended Complaint.

### THIRD DEFENSE

16. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

17. Any loss or damage to Plaintiff was caused entirely, or in large part, by his own wrongful, improper, and/or negligent conduct, including, but not limited to, Plaintiff's violation of Nestle's Electronic Communication Policy and Sexual Harassment Policy.

### FIFTH DEFENSE

18. Plaintiff's claims may be barred by the applicable statute of limitations.

### SIXTH DEFENSE

19. Plaintiff's claims may be barred by his failure to exhaust all administrative remedies available.

### SEVENTH DEFENSE

20. Plaintiff's claims may be barred, or limited, by his failure to properly mitigate any damages.

### EIGHTH DEFENSE

21. Plaintiff's claims are barred because he unreasonably failed to pursue Nestle's internal remedies for sexual harassment.

## NINTH DEFENSE

22. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## TENTH DEFENSE

23. While expressly denying any sexual harassment occurred or that Plaintiff reported any sexual harassment, if it did occur Nestle took immediate and appropriate corrective action.

## ELEVENTH DEFENSE

24. Plaintiff was terminated for a legitimate, non-discriminatory reason.

## TWELFTH DEFENSE

25. Nestle reserves the right to raise each and every additional defense not now known, but which may arise as discovery brings more facts to light.

**WHEREFORE**, after having fully answered Plaintiff's Amended Complaint, Nestle respectfully requests this Court dismiss the claims against it with prejudice and allow Nestle to recover the costs incurred herein, including reasonable attorney fees and for any further legal or equitable relief this Court may deem appropriate.

Respectfully submitted,

**Maguire & Schneider, L.L.P.**

/s/ Keith W. Schneider
Keith W. Schneider  (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest  (#0075445)
jsecrest@ms-lawfirm.com
250 Civic Center Drive, Suite 200
Columbus, Ohio 43215
Telephone: (614) 224-1222

           Facsimile:  (614) 224-1236
           *Attorneys for Defendant*

## JURY DEMAND

  Defendant Nestle Purina PetCare Company hereby demands a trial by jury to resolve all issues related to this action.

           /s/ Keith W. Schneider
           Keith W. Schneider (#0041616)

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via regular U.S. Mail, postage pre-paid, this **21st** day of November 2005, to the following:

  Kevin H. McKenna
  4885 Adamsville Road
  Zanesville, Ohio 43701
  *Pro Se* **Plaintiff**

The undersigned further certifies Plaintiff has not provided an electronic mail address for the service of documents related to this case.

           /s/ Keith W. Schneider
           Keith W. Schneider (#0041616)