FILED
JAMES BONINI CLERK

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

2006 MAR -9 P 2: 37

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| **KEVIN H. MCKENNA** | : | |
| | : | **CASE NO. C2 05.976** |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | **JUDGE MARBLEY** |
| | : | |
| **NESTLE PURINA PETCARE CO.** | : | |
| | : | **MAGISTRATE JUDGE KEMP** |
| *Defendant.* | : | |

## PLAINTIFF'S MOTION TO PRECLUDE (re: Docket Item [18]) "RESPONSE IN OPPOSITION FILED BY DEFENDANT NESTLE PURINA PETCARE COMPANY" FILED ON 03/07/2006

The Plaintiff Kevin H. McKenna (Pro-Se) comes before this honorable Court to respectfully

request it Move and Order that the Defendant's (Nestle Purina PetCare Company) Docket Item

[18], Titled: "Memorandum in opposition of Defendant Nestle Purina PetCare Company to

Plaintiff's Motion to Preclude Defenses Material Evidence" be stricken from the Courts Record

and be precluded from the Court's consideration and the consequent ruling and/or Order on the

"Plaintiff's Motion to Preclude Defenses Material Evidence" based upon the following facts:

**FACTUAL TIME-LINE:**

1.  February 02, 2006 – Plaintiff, Kevin H. McKenna (Pro-Se) files (re: Docket Item [16])

    Motion to Preclude. (Please see Attachment A)

2.  February 22, 2006

    a.  Keith Schneider, Counsel for the Defendant requests Plaintiff's consent to "Agreed

        Order 3.6.06". (Please see Attachment B)

     b.  Plaintiff, Kevin H. McKenna (Pro-Se) willfully and cooperatively agrees and consents to Keith Schneider's request to file "Agreed Order 3.6.06". (Please see Attachment C)

     c.  Keith Schneider, Counsel for the Defendant verbally indicates to Plaintiff Kevin H. McKenna (Pro-Se) during a telephone conversation that the "Agreed Order 3.6.06" is required to be filed by the end of the day (February 22, 2006).

3.  March 01, 2006

     a.  Plaintiff Kevin H. McKenna (Pro-Se) sends email to both Keith Schneider and Jon Secrest, counsel for the Defendant and cooperatively inquires as to the status of the apparently tardy and supposedly filed "Agreed Order 3.6.06" and other outstanding discovery issues. (Please see Attachment D)

     b.  Defendant's Counsel Keith Schneider apparently then files "Agreed Order 3.6.06".

     c.  Magistrate Judge P. Terrance files (re: Docket Item [17] and per "Agreed Order 3.6.06") Order that the Defendant / Defendant's Counsel file Memo in Opposition to Plaintiff's Motion to Preclude on or before 3/6/06. (Please see Attachment E)

4.  March 07, 2006

     a.  Defendant's Counsel Keith Schneider files (re: Docket Item [18]) "RESPONSE in Opposition re [16] MOTION for Order to *Preclude Material Evidence* filed by Defendant Nestle Purina PetCare Company" (Please see Attachment F)

     b.  Plaintiff Kevin H. McKenna (Pro-Se) prepares Motion for the Court to defer ruling and/or grant an extension of time, based upon the Plaintiff's intent to file a motion for the Court to impose FRCP RULE 11(c)(1)(A) sanctions against the Defendant / Defendants Counsel for FRCP RULE 11(b)(3) violations for statements within the

pleading which are scandalous and without evidentiary support within (re: Docket Item[18]) "RESPONSE in Opposition re [16] MOTION for Order to *Preclude Material Evidence* filed by Defendant Nestle Purina PetCare Company". (Please see Attachment G)

c. Plaintiff Kevin H. McKenna (Pro-Se) notices (re: Docket Item [18]) the "Filed and Entered" entry of "03/07/2006".

d. Plaintiff Kevin H. McKenna (Pro-Se) confers closely with Danise M. Spencer at the United States District Court Southern District of Ohio Eastern Division, Clerk of Courts Office to:

    i. Verify, certify and substantiate the integrity and accuracy of the time stamp Clerk's time stamp; Ms. Spencer accordingly substantiates the integrity and accuracy of the entry time stamp(ing).

    ii. Verify that Docket Item [17], Order as entered by Magistrate Judge Terrance P. Kemp states that the Defendant *file* Memo in Opposition to Plaintiff's Motion to Preclude on or before 3/6/06, and does not state the Defendant *serve* the Memo on or before 3/6/06; Ms. Spencer accordingly substantiates that Docket Item [17], Order as entered by Magistrate Judge Terrance P. Kemp states that the Defendant *file* the Memo on or before 3/6/06

**SUPPORTING ARGUMENT:**

The Plaintiff Kevin H. McKenna (Pro-Se) comes before this honorable Court to respectfully request it move and order that the Defendant's (Nestle Purina PetCare Company) Docket Item [18], Titled: "Memorandum in opposition of Defendant Nestle Purina PetCare Company to Plaintiff's Motion to Preclude Defenses Material Evidence" be stricken from the Courts Record

and be precluded from the Court's consideration and the consequent ruling and/or Order on the "Plaintiff's Motion to Preclude Defenses Material Evidence" for no less than the following reasons:

1. The Defendant / Defendant's Counsel are incontestably in contempt of this Court, breaching the integrity and dignity of this Court's proceedings and breaching this Court's authority for no less than the following reasons:

    a. Defendant / Defendant's Counsel have incontestably not complied (re: Docket Item [18] and accompanying time stamp (Please see Attachment F)) with a direct order of this Court (re: Docket Item [17] (Please see Attachment E)). Given the physical proximity/address of the Defendants Offices (re: 250 Civic Center Drive, Columbus, Ohio (less than one mile)) to this Courts location, and even allowing for any potential but unlikely technical hurdles within Electronic Filing, the Defendant's Counsel untimely filing and noncompliance with an express Court Order is inexcusable.

    b. Defendant / Defendant's Counsel failed to make timely Electronic Service (as allowed for in RULE 5 of the FRCP) of their Memorandum and accompanying "Certificate of Service" to the Plaintiff's email address of kmckenn@columbus.rr.com.  Defendant / Defendant's Counsel has at the same time expressly demonstrated that Defendant's Counsel and the Plaintiff fluently and regularly converse by electronic mail by including an electronic mail exchange between the Defendant's Counsel and the Plaintiff "Exhibit A" as an attachment to the Defendant's Memorandum. The Defendants Counsel further demonstrated their capability to communicate in a reliable and timely manner with the Plaintiff on

February 22, 2006 in regards to "Agreed Order 3.6.06", and since that date in numerous communications between the Plaintiff and themselves (Please see Attachment H).

c.  The Defendant / Defendant's Counsel (re: Docket Item [18] and associated time stamp) may have falsified the "Certificate of Service" (Please see Attachment F) as a misrepresentation to this Court, as a ploy and pretext to show that the Defendant / Defendant's Counsel was compliant with (re: Docket Item [17]) this Courts Order to file its Memorandum on or before March 06, 2006.

d.  The Defendant / Defendant's Counsel may have divisively utilized land mail for service of the (re: Docket Item [18]) Memorandum to abuse and exploit the 3 day allowance (as allowed for in RULE 5 of the FRCP), in a calculated ploy and pretext to hide the otherwise untimely/non-compliant filing with this Court, this Courts Order and required service upon the Plaintiff.

e.  The Defendant / Defendant's Counsel have, with apparent malicious intent, made no less than one (the Plaintiff as a first person witness, can create a list of statements which are not possible to gain evidentiary support) false representation to this Court in direct violation of RULE 11(b)(3) (where it explicitly states that, "*By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances – (3) the allegations and other factual contentions have evidentiary support...*"). Within the contents of (re: Docket Item [18]), within the section titled "Statement of **Facts**" (re: page 3 of 10, paragraph 3

(prefaced with "*On or about September 24, 2004*"), last sentence) the Defendant /

Defendant's Counsel contends as a statement of "fact" that "*HR immediately*

*suspended Ms. Goss pending further investigation.*". This contention stated as factual

within this document is not an errant contention, as it substantiates the claim and/or

factual contention that the Defendant / Defendant's Counsel *voluntarily* and expressly

"admitted" to within the Defendants (re: Docket Item [8]) "Answer to Complaint" (re:

Section titled "First Defense", Item #4), where it expressly states, "*4. Nestle admits*

*that on or about **September 24, 2004**, Ms. Kagenski met with Plaintiff regarding Ms.*

*Goss and a letter Ms. Goss sent to Ms. Lisa Ellis. **On this same date, Nestle***

***suspended Ms. Goss pending further investigation**.*". The Defendant / Defendant's

Counsel knows that the Defendant had in fact *never* suspended Ms. Goss, on

September 24, 2004 nor any other date. This claim that Ms. Goss was *never*

suspended, can be substantiated by a) this Plaintiff's personal witness to the events

and b) more significantly, incontrovertible, documented evidence of Ms. Goss's

presence through the course of the normal workday on October 1, 2004 @ 1:15PM.

This aforementioned incontrovertible and documented evidence is and always has

been in the control and possession of the Defendant (as though *they* actually need a

"document" for *them* to know what *they* did), and Defendant / Defendant's Counsel

disclosed this evidence to the Plaintiff Kevin H. McKenna on Wednesday, March 01,

2006 (Please see Attachment I).

2. The Defendant / Defendant's Counsel may have, with malicious and divisive intent, included

the content of the section titled "Statement of Facts" within their memorandum as a ploy to

leverage, force or otherwise coerce this Court "no choice" but to Rule on the (re: Docket

Item [16]) "Plaintiff's Motion to Preclude" favorably to the Defendant by forcing and otherwise introducing the otherwise inadmissible evidence within the body of the Memorandum. This malicious, divisive ploy (IE – "stunt"), has for all practical and apparent purposes, design and intent with an attempt to make a mockery of this Court, exploit the fact that the Plaintiff is a Pro-Se litigant, and attempt to make a mockery of the "Pro-Se" Plaintiff.

3. The Defendant has made a mockery of the Plaintiff since the first day the Plaintiff attempted to assert his Rights as afforded him by the Laws of this land by complaining of the atrocious work environment imposed upon him. The Defendant has made a mockery of the Plaintiff by retaliating against him by terminating his employment. The Defendant has made a mockery of the Plaintiff by hiding/asserting to the Plaintiff and Authorities that the Plaintiff was never harassed and never complained (but yet the Defendant contends that the Plaintiff requested to "withdraw" the very complaint that the Defendant contends the Plaintiff never made. The law of common sense states you can't have your cake, and eat it too). The Defendant / Defendant's Counsel has made a mockery of the Plaintiff and the Administrative Process afforded by Title VII, by making greatly exaggerated false and malicious contentions and/or statements (IE – told a "Whopper") to the Equal Employment Opportunity Commission where it went uncontested. This Plaintiff knows and truly understands that all of these aforementioned atrocities unjustly imposed upon the Plaintiff and all resulting aspects of his life are outside the control and/or jurisdiction of this honorable Court. However, the Defendant's contemptuous demeanor and attempts to make a mockery of the Plaintiff's opposition to the Defendant's unlawful acts have now incontrovertibly tainted this Court and these proceedings, which are within this Courts Jurisdiction and control.

## CONCLUSION:

The Defendant / Defendant's Counsel's opposition to the Plaintiffs motion to preclude would have been equally, if not more effective in its representation to this Court absent the malicious and scandalous statements represented within the section titled "Statement of Facts". However, this contemptuous act on the behalf of the Defendant / Defendant's Counsel has been executed, cannot be undone, and lives forever as a matter of fact in history. The apparently willful and intentional action(s) in incontrovertible violation of RULE 11(b)(1) and RULE 11(b)(3) of the FRCP are an atrocity unjustly imposed upon these proceedings and the Plaintiff. The Defendant's Counsel is incontrovertibly noncompliant to a direct Court Order. The Defendant's Counsel is highly suspect of falsifying the corresponding "Certificate of Service". These actions perpetrated by the Defendant / Defendant's Counsel leaves an extremely poor impression upon this Pro-Se litigant who is otherwise a member the general public, of how legal counsel conducts itself within the affairs and proceedings of the highest Courts in these United States of America.

For no less than all of the foregoing reasons, the Plaintiff Kevin H. McKenna (Pro-Se) respectfully requests this honorable Court Move and Order that the Defendant's (Nestle Purina PetCare Company) Docket Item [18], Titled: "Memorandum in opposition of Defendant Nestle Purina PetCare Company to Plaintiff's Motion to Preclude Defenses Material Evidence" be stricken from the Courts Record and be precluded from the honor and dignity of this Court's consideration and the consequent ruling and/or Order on the "Plaintiff's Motion to Preclude Defenses Material Evidence".

The Plaintiff Kevin H. McKenna (Pro-Se) also respectfully requests this honorable Court consider imposing any measures, actions it deems appropriate, so as to strongly deter any future actions or deeds that may otherwise undermine or make a mockery of this Court, these proceedings, or any of the parties involved, past, present or future.

With all due and genuine respect, I thank this Court for the time and attention this unfortunate matter has consumed.

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio   43701
(740)452-3124

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via hand delivery to the address below, this 9th day of March 2006, to the address(s) within the following:

Keith W. Schneider (#0041616)
Jonathan R. Secrest (#0075445)
250 Civic Center Drive, Suite 500
Columbus, Ohio 43215

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio   43701
(740)452-3124