# Certification Supplement

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN H. MCKENNA | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | JUDGE MARBLEY |
| | : | |
| NESTLE PURINA PETCARE CO. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant.* | : | |

### PLAINTIFF, KEVIN H. MCKENNA'S FINAL ATTEMPT TO RESOLVE A DISCOVERY DISPUTE EXTRAJUDICIALLY AS REQUIRED BY LOCAL RULE 37.1

The Plaintiff, Kevin H. McKenna Pro-Se respectfully and formally requests the Defendant, Nestle Purina PetCare Company, immediately amend it's response pursuant to the May 17, 2006 Court Order, where it states "Defendant will produce, within ten days, a privilege log…". Nestlé's response is not compliant with and therefore not supported by Federal Rule, Local Rule, nor any other established precedent or standard(s). The specifics for this request for the Defendant amend its responses are set forth more fully within the accompanying correspondence.

Respectfully Submitted,

*[signature]*

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio 43701
(740)452-3124

| | |
|---|---|
| From: | Kevin H. McKenna (*Pro-Se*)<br>4885 Adamsville Road<br>Zanesville, Ohio 43701<br>(740)452-3124 |
| Date: | June 4, 2006 |
| To: | Mr. Keith Schneider, Mr. Jonathan Secrest<br>Maguire and Schneider, L.L.P.<br>Attorneys for Defendant, Nestle Purina PetCare Co.<br>250 Civic Center Drive – Suite 500<br>Columbus, Ohio 43215 |
| **RE:** | **Kevin H. McKenna v. Nestle Purina PetCare Company**<br>**Defendant's Privilege Log – Identification of Documents** |

Gentlemen,

    I am in receipt of the Defendant's response pursuant to the May 17, 2006 Court Order where it states "Defendant will produce, within ten days, a privilege log…". It is my opinion that the Defendant's disclosure is deficient in the manner in which the items are identified. I have attempted to resolve this matter with you on several occasions, by email (please see email correspondence(s) attempts appended to the end of this correspondence) and verbally, face to face conversation with Jon Secrest. You have completely failed to respond to my requests to resolve this via electronic mail. During my verbal, face to face conversation with Jon Secrest, he had indicated that the Defendant and other members of your firm with whom he had consulted with, was content with the disclosure.

    Local Rule 37.1 requires that I/we "exhaust" any or all extrajudicial means to resolve this issue. As such, since all of my prior efforts have failed, allow the service of this correspondence act as my final and formal attempt to compel the Defendant to amend its disclosure as required by Federal Rule, Local Rule, and ample precedent(s).

    Fed. R. Civ. P. 26(b)(5) provides the sole means by which a party resisting discovery on the basis of privilege (or work product) may withhold documents:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Case: 2:05-cv-00976-ALM-TPK Doc #: 42-3 Filed: 06/12/06 Page: 4 of 11 PAGEID #: 591

Page 3 of 6

The Rule does not specifically mandate the creation of a privilege "log." Regardless of its form, courts have consistently defined what information would be necessary to permit "other parties to assess the applicability of the privilege or protection":

> To properly demonstrate that a privilege exists, the privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

A party may support its claim of privilege either by the submission of an "adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps," or by the submission of "affidavits or equivalent statements that address each document in issue." In addition, some federal district courts have local rules, which further define what information must be included in a privilege log.

You have been properly served, and I have applied all the effort / extrajudicial means I care to apply in this matter. Please formally respond with your position as to this disclosure, whether it be that you intend to amend or you are content with the disclosure.

This is my final attempt to informally compel a meaningful answer from the Defendant in regards to the aforementioned requests as required by Local Rule 37.1 before the Court is again called upon to resolve this and other outstanding discovery matters.

Sincerely,

Kevin H. McKenna

**From:** Kevin McKenna [mailto:KMCKENN@columbus.rr.com]
**Sent:** Sunday, May 28, 2006 3:36 PM
**To:** Keith Schneider; Jon Secrest
**Subject:** RE: McKenna v. Nestle Purina
**Importance:** High

Additionally....

# United States District Court - Southern District of Ohio

V. DEPOSITIONS AND DISCOVERY

## 26.1 FORM OF DISCOVERY DOCUMENTS.
(a)
(b) Parties responding or objecting to discovery requests shall either set forth their answer, response, or objection in the space provided, or shall quote each such interrogatory or request in full immediately preceding the statement of any answer, response, or objection thereto. **Any privilege log** shall cross reference the specific request **to which each assertion of privilege pertains. A privilege log shall list documents withheld in chronological order, beginning with the oldest document for which a privilege is claimed.**

-----Original Message-----
**From:** Kevin McKenna [mailto:KMCKENN@columbus.rr.com]
**Sent:** Sunday, May 28, 2006 12:45 PM
**To:** Keith Schneider; Jon Secrest
**Subject:** RE: McKenna v. Nestle Purina
**Importance:** High

Gentlemen,

Further more, the content of your "Privilege Log" is inadequate. Rule 26(b)(5) states:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection

"As such"... your disclosure has not been executed "... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection", or "describe the nature of the documents", therefore is not adequate, and (again) therefore non-compliant with the May 17, 2006 Court Order.

For EXAMPLE (but not limited to): The formal and complete TITLE of all parties included in the communication needs to be included in the disclosure/log.

The disclosure of your Privilege Log is worthless in enabling other parties to assess the applicability of the privilege, and is therefore worthless PERIOD.

AGAIN, I will be expecting correspondence from you in regards to this matter before noon on Tuesday, May 30th, 2006. In lieu of a response as described, I will have no choice other than to report to the Court, that you are non-compliant with the Request/Order. Also be advised that any NON-disclosure within this Privilge Log of any actions that may have been taken in regards to response(s) to the Aug 31, 2004 and latter communications prior to October 1, will preclude the introduction of the said evidence in your CLAIMED DEFENSE that the Defendant responded promptly and effectively to an internal complaint. It's your choice...

Kevin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail to the address below, on Sunday, June 4, 2006, to the address(es) within the following:

Keith W. Schneider (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest (#0075445)
jsecrest@ms-lawfirm.com
250 Civic Center Drive, Suite 200
Columbus, Ohio 43215

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio  43701
(740)452-3124

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN H. MCKENNA** | : | |
| | : | **CASE NO. C2 05 976** |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | **JUDGE MARBLEY** |
| | : | |
| **NESTLE PURINA PETCARE CO.** | : | |
| | : | **MAGISTRATE JUDGE KEMP** |
| *Defendant.* | : | |

### PLAINTIFF, KEVIN H. MCKENNA'S FINAL ATTEMPT TO RESOLVE A DISCOVERY DISPUTE EXTRAJUDICIALLY AS REQUIRED BY LOCAL RULE 37.1

The Plaintiff, Kevin H. McKenna Pro-Se respectfully and formally requests the Defendant, Nestle Purina PetCare Company, maintain and make readily available to the Plaintiff, a complete/comprehensive "Privilege Log" articulating each and every document the Defendant has withheld from any and/or all Production Requests made by the Plaintiff, propounded upon the Defendant, and to republish the Defendant's Privilege Log to the Plaintiff if and/or when any amendments are made to the documents that are withheld under any claim of privilege. The specifics for this request are set forth more fully within the accompanying correspondence.

Respectfully Submitted,

*[signature]*

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio 43701
(740)452-3124

From:    Kevin H. McKenna (*Pro-Se*)
           4885 Adamsville Road
           Zanesville, Ohio 43701
           (740)452-3124

Date:    June 4, 2006

To:      Mr. Keith Schneider, Mr. Jonathan Secrest
           Maguire and Schneider, L.L.P.
           Attorneys for Defendant, Nestle Purina PetCare Co.
           250 Civic Center Drive – Suite 500
           Columbus, Ohio 43215

**RE:**    **Kevin H. McKenna v. Nestle Purina PetCare Company**
           **Defendant's Complete/Comprehensive Privilege Log**

Gentlemen,

      I am in receipt of the Defendant's response pursuant to the May 17, 2006 Court Order where it states "Defendant will produce, within ten days, a privilege log…". It is my opinion that the Defendant's disclosure of this "Privilege Log" is not complete and/or otherwise comprehensive of all documents that have been withheld from prior Rule 34 Discovery Requests.

      Given the notable lack of cooperation (IE – "Good Faith") in resolving other, recently communicated discovery matters, I shall proceed to formalize this request, and forego my other informal requests/efforts being simply ignored.

      It should go without saying, without (this) request by the opposing party, that when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection, the party shall make the claim expressly and shall describe the nature of the documents. However, since your recent production of the "Privilege Log", "pursuant to the Court's Order, dated May 17, 2006…", exemplifies your neglect to have done so for the past several months and thereby prejudicing my discovery effort(s), I here now formally put your on notice that such a Privilege Log (or some equivalent thereof) is your responsibility to produce, and not mine to request.

      I have within my possession documents between Nestlé's Zanesville facility and Nestlé's "Legal" Department which have not been itemized within the Privilege Log you produced pursuant to the May 17, 2006 Court Order. I could articulate conspicuously absent communications to illustrate the neglect of your duty in this matter, however I am confident since you have all the documents within your control and possession that you are very well aware of documents (or could be with due diligence) which are non-inclusive to the already produced Privilege Log.

      In order to avoid even further delays plaguing the discovery period, and since you have already had other communications relevant to the same "Privilege Log", I am foregoing the

attempts to resolve this by informal emails, only to have them ignored, and formalizing this request by means of this correspondence.

Local Rule 37.1 requires that I/we "exhaust" any or all extrajudicial means to resolve this issue. As such, since all of my prior efforts have failed, allow the service of this correspondence act as my formal attempt to compel the Defendant to completely/comprehensively disclose any and/or all documents withheld by claim of privilege as required by Federal Rule, Local Rule, and ample precedent(s).

You have been properly served, and I have applied all the effort / extrajudicial means I care to apply in this matter. Please formally respond with your position as to this disclosure, whether it be that you intend to amend or you are content with the disclosure.

This is my final attempt to informally compel a meaningful answer from the Defendant in regards to the aforementioned requests as required by Local Rule 37.1 before the Court is again called upon to resolve this and other outstanding discovery matters.

Sincerely,

*[signature]*

Kevin H. McKenna

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail to the address below, on Sunday, June 4, 2006, to the address(s) within the following:

Keith W. Schneider (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest (#0075445)
jsecrest@ms-lawfirm.com
250 Civic Center Drive, Suite 200
Columbus, Ohio 43215

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio 43701
(740)452-3124