**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN H. MCKENNA | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | JUDGE MARBLEY |
| | : | |
| NESTLE PURINA PETCARE CO. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant.* | : | |

**DEFENDANT NESTLE PURINA PETCARE CO.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF KEVIN H. MCKENNA'S MOTION FOR COURT IMPOSED SANCTIONS AGAINST DEFENDANT FOR FAILURE TO COOPERATE IN DISCOVERY AND FAILURE TO COMPLY WITH A COURT ORDER**

**I.     LAW AND ARGUMENT**

Plaintiff Kevin H. McKenna (hereinafter "McKenna") asserts that Defendant Nestle Purina Petcare Co. (hereinafter "Nestle") failed to comply with this Court's Order requiring Nestle to provide McKenna with a complete, written response to his discovery requests regarding his email accounts. On May 26, 2006, Nestle provided McKenna with a complete, written response that included an affidavit of Larry Swift, Director of Systems Assurance for Nestle. McKenna states that "the Plaintiff found the response to be completely insufficient, as it was blatantly false, evasive and misleading." *Plaintiff's Motion for Court Imposed Sanctions Against Defendant*, at Docket # 41, p. 2. Nestle complied with this Court's Order. McKenna is not pleased with Nestle's response and apparently does not believe Nestle's response to be accurate, but Nestle did provide a complete, written response as instructed by this Court. If McKenna does not wish to believe it to be accurate he may depose representatives of Nestle, including Larry Swift,

1

who swore under oath the response was true and accurate.  McKenna is also free to have his own experts challenge Nestle's email retention policies.

Nestle has done all it can to provide McKenna with his email account; however, it simply no longer exists.  Nestle cannot inform McKenna of this fact anymore clearly, and has provided him this same information on several occasions.  To date, no representative of Nestle has ever supplied to counsel any other response that that which has been supplied and supported by affidavit.  Nestle respectfully suggests that it is McKenna who should be sanctioned for filing a frivolous motion.  McKenna's refusal to accept Nestle's email policy does not warrant sanctions.  McKenna is simply attempting to waylay this litigation with the hope that Nestle will succumb to his myriad of unfounded motions.

## II.   CONCLUSION

This Court attempted to clarify and resolve all outstanding discovery issues by issuing its May 16, 2006 Order.  Nestle complied with this Order.  The fact that McKenna does not believe Nestle's response does not render that response sanctionable.

Respectfully submitted,

**MAGUIRE & SCHNEIDER, LLP**

/s/ Keith W. Schneider
Keith W. Schneider     (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest     (#0075445)
jsecrest@ms-lawfirm.com
Sharlene I. Chance     (#0070999)
schance@ms-lawfirm.com
250 Civic Center Drive, Suite 500
Columbus, Ohio 43215
Telephone: (614) 224-1222
Facsimile:  (614) 224-1236
***Attorneys for Defendant***

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and regular U.S. Mail, postage pre-paid, this 3rd day of July 2006, to the following:

Kevin H. McKenna
4885 Adamsville Road
Zanesville, Ohio 43701
*Pro Se* **Plaintiff**

>/s/ Keith W. Schneider
>Keith W. Schneider (#0041616)