**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN H. MCKENNA | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | JUDGE MARBLEY |
| | : | |
| NESTLE PURINA PETCARE CO. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant.* | : | |

**DEFENDANT NESTLE PURINA PETCARE CO.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EVIDENTIARY RULING, AND SUBSEQUENT ORDER FOR DEFENDANT TO DISCLOSE ALL INVESTIGATIVE DOCUMENTS WITHHELD OR ALTERNATIVELY, MOTION FOR A COURT ORDER COMPELLING DEFENDANT'S DISCLOSURE OF DOCUMENTS WITHHELD UNDER CLAIM OF PRIVILEGE**

**I.     LAW AND ARGUMENT**

   **B.     Attorney-Client Privilege.**

Federal Rules of Civil Procedure provide, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…" *Fed. R. Civ. P. 26(b)(1)*.  Plaintiff Kevin H. McKenna is requesting this Court order the disclosure of privileged information.  Nestle withheld documents protected by the work product doctrine and/or the attorney-client privilege.  Nestle identified these documents in its Privilege Log and now McKenna is seeking their disclosure.

Most of the documents withheld are emails between Nestle employees in Zanesville, Ohio and legal counsel in Glendale, California.  "Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, or at his

1

instance are permanently protected from disclosure by himself or by the legal adviser, except as such protection may be waived." *Comercio E Industria Continental, S. A. v Dresser Industries, Inc.*, 19 F.R.D. 513 (D.C .N.Y. 1956).  Nestle does not wish to waive its attorney-client privilege; accordingly, it withheld certain documents from production. The attorney-client privilege is "the oldest of the privileges for confidential communication known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).  McKenna seeks communications between Nestle employees and Nestle counsel that were attempts by Nestle employees to receive advice and guidance regarding the events and occurrences that surround McKenna's Complaint.  The sole purpose of these communications was to obtain legal advice.

Some of the documents withheld by Nestle were not direct communications between Nestle employees and Nestle counsel; however, they are documents that were prepared at the request of counsel and then sent to counsel for review and advice.  "In the context of the attorney-client privilege, documents prepared for the purpose of obtaining or rendering legal advice are protected even though the documents also reflect or include business issues." *In re OM Group Securities Litigation*, 226 F.R.D. 579, 588 (N.D. Ohio 2005), citing *Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679 (W.D. Mich. 1996).  Thus, even the documents withheld that are not email communications between client and counsel are protected by the attorney-client privilege.  As such, they are not discoverable and this Court should deny McKenna's Motion in its entirety.

### B. Work Product Doctrine.

Nestle withheld documents protected by the work product doctrine. The work product doctrine "is distinct from and broader than the attorney-client privilege." *In re Columbia/HCA Healthcare Healthcare Billing Practices*, 293 F.3d 289, 294 (6th Cir. 2002), quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986). The documents withheld pursuant to this doctrine include remarks and revisions to documents that were prepared by Nestle's legal counsel in Glendale, California. The work product doctrine is meant to allow attorneys to "assemble information…prepare his legal theories and plan his strategy without undue and needless interference…to promote justice and to protect [his] client's interest." *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1975).

The documents protected by the work product doctrine are not discoverable. McKenna cannot obtain "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments or legal theories." *In re Antitrust Grand Jury*, 805 F.2d at 163-64. The documents withheld by Nestle contain its attorneys' opinions, conclusions, and legal theories. The work product doctrine is applicable to "all written materials obtained or prepared by an adversary's counsel with an eye toward litigation…" *Hickman*, 329 U.S. at 511. The documents Nestle withheld under the work product doctrine were prepared by counsel in Glendale, California and include that counsel's remarks, impressions, and opinions.

McKenna attempts to argue that Nestle has waived any attorney-client privilege or work product doctrine protected documents as a result of asserting a *Faragher-Ellerth*

3

Defense in its Answer.  Nestle, however, has claimed privilege as to the documents withheld and has not waived any privilege by disclosure, or otherwise.

## II.  CONCLUSION

The attorney-client privilege is for the benefit of the legal systems as a whole to encourage clients to frankly discuss matters with counsel.  The work product doctrine is also designed to benefit the legal system as a whole and allow attorneys to prepare for litigation and proceed through litigation without fear that their strategies and legal conclusions may become known to their adversary.  McKenna's Motion should be denied in its entirety as it seeks the disclosure of privileged information.

Respectfully submitted,

**MAGUIRE & SCHNEIDER, LLP**

/s/ Keith W. Schneider
Keith W. Schneider     (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest     (#0075445)
jsecrest@ms-lawfirm.com
Sharlene I. Chance     (#0070999)
schance@ms-lawfirm.com
250 Civic Center Drive, Suite 500
Columbus, Ohio 43215
Telephone: (614) 224-1222
Facsimile:  (614) 224-1236
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via electronic mail and regular U.S. Mail, postage pre-paid, this 3rd day of July 2006, to the following:

Kevin H. McKenna
4885 Adamsville Road
Zanesville, Ohio 43701
*Pro Se* **Plaintiff**

        /s/ Keith W. Schneider
        Keith W. Schneider (#0041616)