FILED
JAMES BONINI CLERK

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

06 JUL -5 PM 12: 42

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| **KEVIN H. MCKENNA** | : | |
| | : | **CASE NO. C2 05 976** |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | **JUDGE MARBLEY** |
| | : | |
| **NESTLE PURINA PETCARE CO.** | : | |
| | : | **MAGISTRATE JUDGE KEMP** |
| *Defendant.* | : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR EVIDENTIARY RULING, AND SUBSEQUENT ORDER FOR DEFENDANT TO**
**DISCLOSE ALL INVESTIGATIVE DOCUMENTS WITHHELD OR**
**ALTERNATIVELY,MOTION FOR A COURT ORDER COMPELLING DEFENDANT'S**
**DISCLOSURE OF DOCUMENTS WITHHELD UNDER CLAIM OF PRIVILEGE**

The Plaintiff, Kevin H. McKenna, respectfully requests this Court Order the Defendant,

Nestle Purina PetCare Co., disclose any and/or all documents, communications and things,

inclusive of any and/or all items which have otherwise been withheld from disclosure under

claim of Attorney/Client privilege and/or the work-product doctrine. The reasons in support of

this request are set forth both within the Plaintiff's initiating Motion and within this

accompanying "Memorandum in Support".

Respectfully Submitted,

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio 43701
(740)452-3124

## MEMORANDUM IN SUPPORT

### I - Previously Stated Arguments of Nestle's Waiver of Privilege.

Within the initiating Motion the Plaintiff had stated no less than seven (7), individually, self-sufficient arguments. However, when viewed collectively in totality, the seven (7) previously stated arguments make a compelling argument in favor of compelling disclosure of documents being withheld from disclosure under claim of privilege. Those previously stated arguments, which the Defendant has completely failed to contest, are as follows:

**1. The Faragher – Ellerth Defense, "Implied Waiver".**

Most certainly the Defendant would choose to do as they have attempted, to use the privilege as "both a sword and a shield". The Defendant's ploy/tactic is as well aged and recognized, as are affirmative defense(s) and the claim(s) of privilege. Indeed, the Defendant has not expressly chosen to waive its privilege, but it has incontestably established an implied wavier, as is clearly set forth within the Plaintiff's initiating Motion.

**2. The Affirmative Defense, makes the claimed, privileged communications, "At Issue".**

When Defendant relied on its internal investigation to obtain some advantage, it waived the Attorney-Client and Work Product Privileges. A defendant's liability for a sexually hostile working environment is dependent on whether it took adequate steps to prevent harassment from occurring, and whether it took adequate steps to investigate and promptly remedy, once they knew, or should have known of the harassment. In the case of co-worker harassment, liability does not solely depend on the existence of the hostile environment, but

rather on Defendant's reaction to it. [1] Similarly, the Defendant's exposure to punitive damages in this area of law turns on whether the Defendant had a good-faith compliance system with federally protected rights and anti-discrimination law(s) in place.[2]

The Defendant may have their counsel participate in, or even conduct the investigation, so long as they do not rely on the investigation to provide a defense, the investigation may only then be regarded as privileged. Where the Defendant then relies on the investigation or conducted by, or participation of counsel to gain any benefit in anticipation of potential litigation, it is black-letter law that they have waived both attorney-client and work-product privileges. [3]

### 3. The Crime – Fraud Exception (two (2) previously stated samples).

Just as the Defendant has stated that: *"The attorney-client privilege is "the oldest of the privileges for confidential communication known to the common law.""*, so it is that the Crime – Fraud exception, is the oldest exception to the privilege. The U.S. Supreme Court has explained that the *"privilege takes flight if the relation is abused. A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from*

---

[1] Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

[2] Kolstad v. American Dental Association, 527 U.S. 526 (1999).

[3] Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994) ("There is authority for the proposition that a party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation."); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield. . . . Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (Citations omitted.)); United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir.), cert. denied, 502 U.S. 813 (1991) (same). E.E.O.C. v. Gen. Tel. Co. of Northwest, 885 F.2d 575, 578 (9th Cir. 1989), cert. denied, 498 U.S. 950 (1990)(when an employer voluntarily uses evidence of its EEO efforts to prove nondiscrimination, it opens the door and waives whatever qualified privilege may have existed to prevent the admission of self-critical materials);

*the law. He must let the truth be told.*" [4]. Significantly, the Defendant does not and cannot contest the fraud as set forth within the Plaintiff's initiating Motion, quite simply because the fraud is blatant and incontestable.

### 4. The Failure to *Expressly* Claim Privileged Documents in Rule 34 Requests for Production.

The Defendant does not and cannot contest it's failure to assert it's privileges as set forth within the Plaintiff's initiating Motion, quite simply because the failure is blatant and incontestable.

### 5. The Inadequate Document/Communication Identification with Defendant's "Privilege Log".

The Defendant does not and cannot contest it's failure to adequately identify the document(s)/ Communication(s) as set forth within the initiating Motion, quite simply because the failure is blatant and incontestable. The Defendant further compounds this failure, in that they have failed to properly amend the document, while they are incontestably aware of the deficiency.

### 6. The Failure to List All Undisclosed Communications/Documents Within the Defendant's Privilege Log.

The Defendant does not contest it's failure to list all undisclosed documents under claim of privilege as set forth within the initiating Motion, within their opposition, quite simply because the failure is blatant and incontestable. The Defendant further compounds this failure, in that they have failed to properly amend the document, while they are incontestably aware of the deficiency.

---

[4] (*Clark v. United States*, 289 U.S. 1, 15 (1933))

**7. The Failure to Comply With Order.**

The Defendant's Memorandum in Opposition undermines the adequacy of Defendants "Privilege Log", where the Defendant themselves cannot distinguish or articulate which privilege or protection applies to which documents it withheld, by making references such as "Most of the documents", "Some of the documents". The mere fact that it is not possible for this Court to ascertain whether or not Attorney – Client Privilege and/or the Work Product Doctrine applies and to which (if any) document(s) each of the claim(s) of privileges allegedly applies, clearly demonstrates that the Defendant's Privilege Log is insufficient, and therefore non-compliant with a corresponding Court Order.

## II - <u>Sixth Circuit Rejects "Selective Waiver" Doctrine</u>

"In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 2002 U.S. App. LEXIS 10969 (6th Cir. June 10, 2002).", the judiciary panel within the Sixth Circuit of Appeals rejected "Selective Waiver", and clearly addresses exactly this matter and citing within its Conclusion: "*…after due consideration, we reject the concept of selective waiver, in any of its various forms.*".

**The Defendant Waives any Privilege(s) In and By Its Disclosure/Report of Its Internal Investigation of the Plaintiff, Kevin H. McKenna, Within Its "Position Statement" to the EEOC**

The Defendant, Nestle Purina PetCare Co., clearly waived any claim to Attorney/Client privilege and/or Work Product Doctrine by publishing the results of its otherwise privileged Internal Investigation (of the Plaintiff), its conclusions, its final draft of its Work Product, in a report, in the form of the Defendant's "Position Statement" to the EEOC on July 6, 2006.

Additionally, further evidence of Nestlé's waiver/disclosures of privileged documents to the EEOC [5], is the EEOC's own disclosure form where it states documents were withheld from disclosure to the Plaintiff under the FOIA (Freedom Of Information Act), exemption 5 (see "Attachment A"). The Defendant simply cannot selectively "pick and choose" to disclose some information and report findings to the EEOC during the administrative process, and then selectively choose not to disclose the information to this Court and/or Plaintiff/Adverse Party during the judiciary proceedings.

### III - The Defendant's own Statements and Defenses are Self-Defeating and Disingenuous.

- The Essential matters that "*surround*" the Plaintiff's Complaint are:

    1.) The Plaintiff was sexually harassed by a co-worker.

    2.) The Plaintiff reported and participated within an internal complaint to remedy the co-worker sexual harassment.

    3.) The Plaintiff was retaliated against, and wrongfully terminated for asserting his Rights.

    4.) The Defendant has conspired to conceal the Plaintiff's internal complaint.

The Defendant's Answer to the Complaint, Page 4 of 5, "<u>Tenth Defense</u>", line item #23 states:

> "*While expressly denying any sexual harassment occurred or that Plaintiff reported any sexual harassment, if it did occur Nestle took immediate and appropriate corrective action.*"

---

[5] United States v. Massachusetts Institute of Technology, 129 F.3d 681, 685 (1st Cir. 1997) "*voluntary disclosure of privileged information to administrative agency waives privilege*"; See initiating Motion's, "Attachment F", Defendants "Position Statement" to the EEOC, pg. 4, multiple references, reporting the results of the In-house/Internal Investigation.

- The Defendant now states within their "Memorandum in Opposition", that they sought legal counsel and/or advice for very the events that their Defense(s) contend did not happen. Raw logic and/or commonsense dictates that the Defendant cannot seek legal advice and/or counsel, for events that the same Defendant contends, did not happen.

> "*McKenna seeks communications between Nestle employees and Nestle counsel that were attempts by Nestle employees to receive <u>advice and guidance regarding the events and occurrences that* **surround** *McKenna's Complaint.</u>" (<u>emphasis</u>* added)

If in fact, that all other relevant arguments set forth by the Plaintiff are not substantial enough to demonstrate that the Defendant's otherwise privileged communications have been placed "at issue" by the Defendant, there surely cannot be anything more compelling than the Defendant themselves putting the otherwise privileged communications, directly "at issue" with their Defenses and the Plaintiff's Complaint, than by doing so within their own "Memorandum in Opposition" to the Motion, as quoted above.

## CONCLUSION

An employer's obligations and compliance with Federal Laws, Statutes and Title VII are inalienable. As such those Federally mandated duties of an employer are and by those very laws, mandated to be *routine business practice* [6]. An employer's voluntary injection of, or the participation of legal counsel into an employer's federally mandated, otherwise routine employment practices/duties, does not and cannot then convert a federally mandated, *routine business practice,* into a privileged matter. The Defendant in this case is charged with unlawful

---

[6] Long v. Anderson University, 204 F.R.D. 129 (S.D. Ind. 2001) (discrimination investigation with counsel's advice throughout the process was a result of the university's harassment policy, thus as an ordinary and customary step in conducting its business and threat of litigation if the potential claims were not resolved creating the mere anticipation of litigation does not shield the documents from production);

employment practices, as such the Defendant should be charged with absolute disclosure of its employment practices in this matter, no differently than if an agency of the Federal Government were mandating absolute disclosure to determine compliance with Federal Law(s).

The mere fact alone, that this suit has been brought forward against the Defendant, makes any and/or all-relevant matter to the Plaintiff "at issue". An employer's compliance with Federal employment law(s) are in no way "protected" by any sort of "privilege", an employer's proof of compliance Federal employment law is, always has been, and always will be mandatory.

The Defendant has failed to demonstrate that it has in anyway properly asserted, and therefore preserve its claim(s) of privilege. The mere absence of the Defendant's contentions within its "Opposition Memorandum", that it properly asserted it's privileges, is an implicit but clear admission by the Defendant that the privilege was not properly asserted. In fact, the Defendant has failed to contest any and all of the well-established waivers of its claim(s) to privilege.

The Defendant has gone forth with an absolute shield of impunity while in complete and absolute disregard for the Laws and Rights of this Land, and this Plaintiff. The Plaintiff has within this motion and supporting memoranda, clearly demonstrated, and well supported by law, that the Defendant must now come forward, and disclose all the true nature of its deeds/acts.

Critical discovery matters (depositions) are tentatively scheduled commence within one week of the filing of this memorandum. As such, the Plaintiff therefore, respectfully *requests*, that this Honorable Court rule as a matter of Law, and in favor of Truth, Honor and Justice, and *immediately* issue an Order compelling the Defendant to *immediately* disclose all documents, notes, communications and any other things which have been withheld and are otherwise protected by the Attorney – Client Privilege and/or the Work Product Doctrine.

The Plaintiff also requests this Court impose any sanctions it may otherwise deem appropriate, for the Defendant's contemptuous abuse(s) of this discovery process.

Respectfully Submitted,

Kevin G. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio   43701
(740)452-3124

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via hand delivery to the address below, on Monday, July 5, 2006, to the address(s) within the following:

Keith W. Schneider (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest (#0075445)
jsecrest@ms-lawfirm.com
250 Civic Center Drive, Suite 200
Columbus, Ohio 43215

Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio   43701
(740)452-3124



# Attachment A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Cleveland District Office**

September 2, 2005

1660 West Second Street, Suite 850
Cleveland, OH 44113-1412
(216) 522-2001
TTY (216) 522-8441
FAX (216) 522-7430
Website: www.eeoc.gov

Kevin H. McKenna
4885 Adamsville Road
Zanesville, OH 43701

**RE:   FOIA Number: A5-11-FOIA-421CL**
**EEOC Charge No. 22A-2005-02413**

Dear Mr. McKenna:

Your Freedom of Information Act (FOIA) request has been processed.  The paragraphs checked
below apply:

[  ]   Your request is neither granted nor denied because: [  ] your request does not reasonably
describe the records you wish disclosed; or [  ] no records fitting the description of the
records you seek exist or could be located after a thorough search.  Otherwise,

[  ]   Your request is granted.

[  ]   Your request is denied pursuant to the subsections of the FOIA indicated at the end of this
letter.  An attachment to this letter explains the use of these exceptions in more detail.

[x ]   Your request is granted in part and denied in part.  Portions not released are being withheld
pursuant to the subsections of the FOIA indicated at the end of this letter.  An attachment to
this letter explains the use of these exemptions in more detail.

[  ]   In accordance with Commission regulations in 29 C.F.R. §1610.15(a), as amended, at 52 Fed.
Reg. 13829, fees will be assessed for the duplication of records at the rate of $.15 per page
after the first 100 pages and $17.00 per hour for search and indexing time after the first two
hours.

Please send a check or money order for $     made payable to the U.S. Treasurer to cover
the cost of search and indexing time (   pages -   pages at cost and   hours search and
indexing time -   hours at cost).  Please note the number of your FOIA request directly on
each check/money order.  **The check should be sent to the attention of C. Larry Watson,
Regional Attorney, EEOC, Tower City - Skylight Office Tower, 1660 West Second
Street, Suite 850, Cleveland, Ohio 44113-1412**

[x ]    If you wish to appeal the denial or partial denial of your request, you may do so with
        thirty (30) days after receipt of this letter by writing to: Assistant Legal Counsel/FOIA
        Programs, Office of Legal Counsel, Equal Employment Opportunity Commission, 1801
        "L" Street, N.W., Washington, D. C. 20507. **You must attach a copy of this letter to
        any appeal**. Such an appeal will be governed by 29 C.F.R. Section 1610.11.

                                        Very truly yours,

                                        C. Larry Watson
                                        Regional Attorney

Enclosures

cc:
D. Hill
T. Personen

Applicable Sections of the Freedom of Information Act
        5 U.S.C. Section 552(b)

[  ] (2)
[  ] (3)
        [  ] Section 706(b) of Title VII
        [  ] Section 709(e) of Title VII
[  ] (4)
[x ] (5)
[  ] (6)
[  ] (7)(A)
[  ] (7)(C)
[  ] (7)(D)

*The U.S. Equal Employment Opportunity Commission*

# XI. Summary of Exemptions

The FOIA provides the public access to all federal agency records (or portions of those records), except for those records that are withheld under nine exemptions and three exclusions.

The exemptions authorize federal agencies to withhold information covering: (1) classified national defense and foreign relations information, (2) internal agency rules and practices, (3) information that is prohibited from disclosure by another federal law, (4) trade secrets and other confidential business information, (5) inter-agency or intra-agency communications that are protected by legal privileges, (6) information whose disclosure would invade someone's personal privacy, (7) information compiled for law enforcement purposes, (8) information relating to the supervision of financial institutions, and (9) certain geological information. The three exclusions, which are not used by the Commission, pertain to especially sensitive law enforcement and national security matters. Even if information may be withheld under the FOIA, the EEOC still may disclose it as a matter of administrative discretion if disclosure is not prohibited by any law and would not cause any foreseeable harm. A summary of the exemptions follows:

## EXEMPTION 1

Exemption 1 allows for the withholding of national security information concerning the national defense or foreign policy that has been properly classified in accordance with the substantive and procedural requirements of the current national security classification executive order, Executive Order 12958, signed by President Bush on March 25, 2003. *EEOC does not use this exemption.*

## EXEMPTION 2

Exemption 2 exempts records from mandatory disclosure that are "related solely to the internal personnel rules and practices of an agency." Examples of information routinely withheld under Exemption 2 are rules relating to parking facilities, regulation of lunch hours, performance standards, sick leave policy, and similar types of information. Use of this exemption has increased with recent concerns regarding homeland security. *EEOC very rarely uses this exemption.*

## EXEMPTION 3

Exemption 3(a) allows for the withholding of information prohibited from disclosure by another statute. *EEOC routinely uses this exemption to deny access to Title VII and ADA charge files when the requester is not a party to the charge and to withhold EEO survey reports.* Sections 706(b) and 709(e) of Title VII and Section 107 of the ADA specifically prohibit disclosure of Title VII and ADA charge files and EEO survey reports to third parties prior to the institution of a proceeding under Title VII or the ADA involving such charge, record or information. Commission employees who do so are subject to fine and/or imprisonment. Exemption 3(b) prohibits agencies from releasing any proposal submitted by a contractor in response to a competitive contract. Information withheld pursuant to the Exemption 3 includes, but is not limited to:

Case: 2:05-cv-00976-ALM-TPK Doc #: 46 Filed: 07/05/06 Page: 16 of 18 PAGEID #: 624

- Any Title VII or ADA charge file information requested by anyone other than the Charging Party or the Respondent to the charge, such as the charge file or information concerning the existence of charge files.

- Title VII or ADA information requested by the Charging Party or the Respondent after the time limitation for filing a lawsuit has expired and no lawsuit has been filed.

- References to other Title VII or ADA charges in the charge file.

- Information submitted by unsuccessful bidders for contracts with the EEOC.

## EXEMPTION 4

Exemption 4 protects from disclosure information that would reveal "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." *EEOC uses this exemption on occasion.* When the EEOC receives a FOIA request for trade secrets or confidential commercial or financial information, it is required by Executive Order 12,600 and its regulations to notify the submitter of the information of the FOIA request and permit the submitter an opportunity to object to disclosure of the record. The requester is advised of the submitter notification.

## EXEMPTION 5

Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" from disclosure to the public. *EEOC routinely uses this exemption to deny access to internal documents that reflect the internal predecisional deliberations, recommendations, analyses, assessments, and opinions of Commission employees.* We also use this exemption to deny access to attorney work product information. Information withheld pursuant to the Exemption 5 includes, but is not limited to:

- Investigative Memorandums.

- Recommendations, opinions, analysis, and conclusions that are deliberative in nature.

- Predecisional deliberative memorandums analyzing the merits of the case.

- Codes signifying the EEOC's predecisional assessment of the merit of a case.

- Documents that meet the requirements of attorney-client privilege or attorney work product.

## EXEMPTION 6

Exemption 6 protects personal privacy interests in records contained in personnel, medical and similar files when disclosure of such records would constitute a clearly unwarranted invasion of personal privacy. *EEOC routinely uses this exemption to deny access to information such as home addresses, third party names, phone and social security numbers and medical information contained in personnel files.* Information withheld pursuant to the Exemption 6 includes, but is not limited to:

- Personnel documents of EEOC employees such as performance appraisals, home addresses and phone numbers, social security numbers, health insurance coverage, and non job-related affiliations.

- Personnel documents of third parties in agency charge files which would result in an invasion of personal privacy.

# EXEMPTION 7

Exemption 7 has six sub-parts and is a special exemption that only applies to law enforcement agencies. EEOC is a law enforcement agency. We routinely use certain sub-parts of this exemption. Exemption 7 allows for the withholding of "records or information compiled for law enforcement purposes," with the limitations discussed below:

**EXEMPTION 7(A)**: Permits the withholding of EEOC records or information that were compiled for law enforcement purposes if the release of such records "... could reasonably be expected to interfere with enforcement proceedings." *EEOC routinely uses this exemption to deny access to open charge files and cases in litigation.* Information withheld pursuant to the Exemption 7(A) includes, but is not limited to:

- Any charge files requested by the Charging Party or the Respondent where the Commission has not terminated all of its proceedings.
- Respondent access to the charge file during the 90-day notice of right to sue period, unless the Charging Party has filed suit on the charge.
- Any charge files involved in cases that the Commission is litigating or considering litigating.

**Exemption 7(B):** Permits the withholding of EEOC records or information that were compiled for law enforcement purposes if the release of such records "... would deprive a person of a right to a fair trial or an impartial adjudication." *EEOC does not use this exemption.*

**EXEMPTION 7(C):** Permits the withholding of EEOC records or information that were compiled for law enforcement purposes if the release of such records "... could reasonably be expected to constitute an unwarranted invasion of personal privacy." *EEOC routinely uses this exemption in conjunction with Exemption 6.* Information withheld pursuant to the Exemption 7(C) includes, but is not limited to:

- Individuals' home addresses and home telephone numbers, if not known to the requester.
- Social Security numbers and other personal information from charge files.
- ADEA and EPA charge files requested by third parties.
- ADEA and EPA charge files requested by the Respondent while the 90 day Notice of the Right to Sue period is pending, unless the Charging Party has already filed suit.

**EXEMPTION 7(D)**: Permits the withholding of EEOC records or information that were compiled for law enforcement purposes if the release of such records "... could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." *EEOC uses this exemption to deny access to confidential sources that have provided information during the investigation of allegations of discrimination.* Information withheld pursuant to the Exemption 7 (D) includes, but is not limited to:

Case: 2:05-cv-00976-ALM-TPK Doc #: 46 Filed: 07/05/06 Page: 18 of 18  PAGEID #: 626

- Confidential Witness Statements.
- Any references that would identify confidential witnesses. Documents must be marked confidential by the investigator or the Commission.

**Exemption 7(E):** Permits the withholding of EEOC records or information that were compiled for law enforcement purposes if the release of such records "... would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *EEOC very rarely uses this exemption.*

**Exemption 7(F):** Permits the withholding of EEOC records or information that were compiled for law enforcement purposes if the release of such records "... could reasonably be expected to endanger the life or physical safety of any individual." *EEOC very rarely uses this exemption.*

## EXEMPTION 8

Exemption 8 protects from disclosure matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions." *EEOC does not use this exemption.*

## EXEMPTION 9

Exemption 9 allows for the withholding of "geological and geophysical information and data, including maps, concerning wells." *EEOC does not use this exemption.*

## EXCLUSIONS

The FOIA also contains three specific exclusions regarding criminal records and certain law enforcement records held by the Federal Bureau of Investigations. *The EEOC does not maintain or possess any records specifically excluded from coverage.*

Contents | Previous Section | Next Section

---

*This page was last modified on May 12, 2006.*

 Return to Home Page