IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN H. MCKENNA | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | JUDGE MARBLEY |
| | : | |
| NESTLE PURINA PETCARE CO. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant.* | : | |

### PLAINTIFF, KEVIN H. MCKENNA'S MOTION FOR A PROTECTIVE ORDER AND INJUNCTION LIMITING THE SCOPE OF (ALL) DISCOVERY BY THE DEFENDANT, NESTLE PURINA PETCARE CO. UPON THE PLAINTIFF

The Plaintiff, Kevin H. McKenna, pursuant to Rules 26(c) and 65 of the Federal Rules of Civil Procedure, respectfully requests this Court to issue a Protective Order and Injunction, limiting the scope of any/all discovery sought by the Defendant, Nestle Purina PetCare Co. be appropriately limited within the scope of the claims set forth within the Plaintiff's Complaint, or as otherwise deemed appropriate by this Court.

The reason's for this request are set forth more fully within the accompanying Memorandum in Support.

Respectfully Submitted,

Kevin H. McKenna, Plaintiff (Pro-Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio 43701
(740)452-3124

## MEMORANDUM IN SUPPORT

**PREFACE:**

The Defendant, Nestle Purina PetCare Co., in this instant case still does not "get it". The Defendant did engage in a unlawful, post complaint "Investigation" (IE – "Witch Hunt" – "Fishing Expedition") against the Plaintiff in October of 2004. The Defendant now, once again seeks to repeat it's same unlawful, post complaint practice to conduct another "Investigation" (IE – "Witch Hunt" – "Fishing Expedition") under the pretext of, and the premeditated exploitation of "Discovery", "because of" the Plaintiff's *Statutorily Protected*, Title VII "Complaint" in this case.

**SUPPORTING STATUTE(S) AND PRECEDENT:**

Title VII, (SEC. 2000e-3. [Section 704] (a)) Expressly states, without exception, *"It shall be an unlawful employment practice for an employer to discriminate against any of his employees... ...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."*.

The Supreme Court of the United States addressed the protection of former employees within section 704(a) in Robinson v. Shell Oil Co (No. 95-1376. Argued November 6, 1996 -- Decided February 18, 1997 (See "Attachment A")), where the Supreme Court interpreted section 704 to include former employees within the meaning of "employees" ( *"Insofar as §704(a) expressly protects employees from retaliation for filing a "charge," and a charge under §703(a) alleging unlawful discharge would necessarily be brought by a former employee, it is far more consistent to include former employees within the scope of "employees" protected by §704(a). This interpretation is supported by the arguments of petitioner and EEOC that exclusion of*

*former employees from §704(a) would undermine Title VII's effectiveness by allowing the threat of post employment retaliation to deter victims of discrimination from complaining to EEOC, and would provide a perverse incentive for employers to fire employees who might bring Title VII claims."* )

**ARGUMENT:**

The Plaintiff believes that the Defendant is entitled to the Discovery of any matter which is under the possession and control of the Plaintiff, which supports the Plaintiff's Claims / Complaint. However, the Plaintiff otherwise believes that the Defendant is not entitled to any "shoot first, ask questions later", "fishing expeditions" for "after acquired evidence", abuse/exploitation under the pretext of discovery.

**BACKGROUND:**

The Defendant has already and repeatedly conducted unlawful discovery beyond the scope Charges/Claims/Complaint, "because of" the Charges/Claims/Complaint:

1. **October 2, 2004 – October 13, 2004(?)** (See "Attachment B"): Where the Defendant's HR Manager, (with either the support of, or by direction of the Plant Manager) blatantly orchestrated, condoned, acquiesced retaliatory acts [1], of not only just a "co-worker", but the

---

1 Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1264 (10th Cir. 1998) (*because harassment must be intentional on the part of the employer, we hold that an employer can only be liable for co-workers' retaliatory harassment where its supervisory or management personnel either (1) orchestrate the harassment or (2) know about the harassment and acquiesce in it in such a manner as to condone and encourage the co-workers' actions. See Knox , 93 F.3d at 1333-35 (in dicta, approving an instruction that would hold an employer liable for "retaliation . . . committed by co-workers with the knowledge and acquiescence of the employer.") An employer may not be held liable for the retaliatory acts of co-workers if none of its supervisory or management-level personnel orchestrated, condoned, or encouraged the co-workers' actions, and no such management participation could occur if the supervisory or management-level personnel did not actually know of the co-workers retaliation.*)

very "co-worker" the plaintiff had complained to the Local Police and the Defendant, that the Plaintiff was being harassed by, and of whom he feared physical violence from.

2. **January 24, 2006** – "Defendant Nestle Purina PetCare Co.'s First Set of Interrogatories, Requests for Admission, and Request for Production" (See "Attachment C"):

On this very day of January 24, 2006, that Counsel for the Defendant, stated before the Magistrate Judge, in Chambers, that the Defendant / Defendant's Counsel would not abuse and/or exploit the "Pro-Se" status of the Plaintiff, quite simply because the Magistrate and/or Court "would not tolerate it", Counsel for the Defendant handed the Pro-Se Plaintiff these discovery requests seeking no less than privileged (Attorney / Client) communications, information in regards to "extra-marital affairs", "children out of wedlock", disciplinary actions taken by past employers, etc..

3. **Future Discovery (Depositions):** The Defendant's Counsel has verbally indicated to the Plaintiff, that the Defendant's Deposition of the Plaintiff will likely be "more than a day", and that there is no topic, which is not "fair game". Furthermore, the Defendant has made it abundantly clear that they intend to depose Nancy J. Goss, reintroduce the single most hostile / violent entity, which has wreaked havoc upon the Plaintiff, and the Plaintiff's life. While on the surface the deposition of Nancy J. Goss has all appearances of being reasonable, in that Nancy J. Goss gives "rise" to the Plaintiff's Claim(s) that the Plaintiff was "sexually harassed" by Nancy J. Goss, the Defendant is already abundantly aware of those facts, as the Defendant's own documentation of the day, clearly established that knowledge (See "Attachment D" (as marked, for reference)).

**TITLE VII – This instant Case's, "Snapshot" as to its "State of Affairs":**

On June 22, 2006, the United States Supreme Court stated [2] *"We agree with the formulation set forth by the Seventh and the District of Columbia Circuits. In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."*. One must ask themselves, would any "reasonable employee", ever make or support any "charge of discrimination" against any employer if they knew, that they would have to lose their employment, then have to battle the legal and financial resources of a multi-billion International Enterprise, without any legal representation, within the Federal Court system, for years to come? Indeed, no one could answer anything but a resounding "*NO!*". Indeed, despite the intents of Title VII, the odds are stacked immeasurably against an "employee". I can only tell you, that this Plaintiff, "I, Kevin H. McKenna", would have been immeasurably better off, financially and emotionally, to have submitted to the unwelcome discrimination/harassment, and/or to have terminated my own employment with the Defendant, than to have placed my faith in Title VII, and the *ALLEGED* "protection" it claims to entitle me to.

**CLOSING:**

This "Pro-Se" Plaintiff, has consistently represented that he is not "Pro-Se" by any choice of his own. The legal complexities and subtleties of a lawsuit, in Federal Court are near, if not in actuality, insurmountable for this common citizen.

I have read many times, in confirmation, that "stalking" is like a "slow rape". I had to endure this "slow rape" "because of" my employment with the Defendant. When I complained

---

[2] Burlington Northern and Santa Fe Railway Company v. Sheila White, on writ of Certiorari from the Sixth Circuit of Appeals, on Appeal, from this Federal District Court of Southern Ohio, Eastern Division

about the unlawful stalking/harassment to the Defendant, they again allowed my stalker to "rape" me, by allowing her to make insubstantial allegations of misbehavior against me. I was then "raped" again, by the Defendant where they then acted upon those insubstantial, retaliatory allegations by conducting a "Witch Hunt" under the pretext of an "Investigation". I was then "raped" again by the wrongful termination of my employment based upon the retaliatory allegations, and resulting Witch Hunt. The list goes on and on, the completely unchecked "whopper" that was then told to the EEOC which has irreparably prejudiced my ability to gain representation in this case, and now under the pretext of "lawful discovery" in this case.

    I, Kevin H. McKenna, Plaintiff Pro-Se, ask, beg, request, pray, plea with this Court, that it grant this request for Court Order(s) in the form of Injunction(s) limiting the scope of "discovery" upon other (non)parties (IE – "witnesses"), and a "Protective Order" limiting the Defendant's scope of "discovery" upon this party-plaintiff, thereby protecting this common citizen, from (further) persecution by the Defendant for no other reason than, (*"because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing"*), for no less than the forgoing reasons set forth within this memorandum and/or for any other reason(s) this Court may deem appropriate.

    Will this Court, please step forward and afford this Plaintiff the "protection" from retaliation, that Title VII, Section 704, alleges that it affords complaintants!?

## PLAINTIFF'S MOTION, IN LIEU OF COURT ORDERED INJUNCTION FOR RELIEF AND/OR PROTECTIVE ORDER:

If this Court should find this motion, legally unsound in any manner which prohibits its granting of these requests, I Kevin H. McKenna, Plaintiff Pro-Se, respectfully request this Court move and order Plaintiff's access to appropriate legal counsel solely for the purposes of properly drafting a similar, appropriate motion.

Respectfully Submitted,

_____
Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio 43701
(740)452-3124

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served, via hand delivery to the address below, on Monday, July 31, 2006, to the address(es) within the following:

Keith W. Schneider (#0041616)
kwschneider@ms-lawfirm.com
Jonathan R. Secrest (#0075445)
jsecrest@ms-lawfirm.com
250 Civic Center Drive, Suite 200
Columbus, Ohio 43215

_____
Kevin H. McKenna, Plaintiff (Pro Se)
kmckenn@columbus.rr.com
4885 Adamsville Road
Zanesville, Ohio  43701
(740)452-3124