IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Kevin H. McKenna,                    :

        Plaintiff,                   :

    v.                               :    Case No. 2:05-cv-0976

Nestle Purina PetCare Company,       :    JUDGE MARBLEY

        Defendant.                   :

ORDER

    Although there are a number of motions pending in this
employment discrimination case, this order resolves only Mr.
McKenna's motion for the appointment of counsel (#5) and his
motion to preclude evidence (#16).  For the following reasons,
both motions will be denied.

    When Mr. McKenna filed his motion to appoint counsel, the
Court directed him to avail himself of the services of the
Columbus Bar Association Lawyer Referral Service and to report
the results of his efforts to the Court.  He subsequently did so
and it appears that he pursued that avenue in good faith.
Unfortunately, he was unable to locate an attorney to represent
him.

    The Court does not have the power to appoint counsel to
serve in a civil case unless counsel also expresses a willingness
to represent the party who has requested counsel.  See Mallard v.
United States District Court, 490 U.S. 296 (1989).  In an
employment discrimination case, in deciding whether to request
that an attorney represent a litigant, the Court must take into
account various factors including the plaintiff's ability to
afford a private attorney, the efforts to retain an attorney, the
availability of counsel in such cases, and the merits of the

case.  The fact that a case might survive a motion to dismiss or
not be confronted with a motion to dismiss initially is not an
indication that it has sufficient merit for counsel to be
appointed.  Rather, the Court should make an effort to determine
whether, given the plaintiff's ability to represent himself,
counsel is necessary, and whether the case has progressed to the
point where the Court is satisfied that sufficient merit exists
to warrant the appointment of counsel.  See generally Jenkins v.
Chemical Bank, 721 F.2d 876 (2d Cir. 1983).

Application of those various factors persuades the Court
that appointment of counsel is not necessary at this time.  The
Court has not yet viewed sufficient evidence concerning the
merits of the case to be in a position to determine that the case
is so meritorious that appointment of counsel is warranted, and
it is apparent that Mr. McKenna has the ability to represent
himself with a fair degree of competence during the discovery
stage of the case.  He has done so already.  Taking all those
factors together, the Court denies his request for counsel (#5)
at this time but does so without prejudice to reconsidering that
issue at a later stage in the case should it appear appropriate.

The other motion before the Court is entitled "Plaintiff's
Motion to Preclude Defense's Material Evidence" which was filed
on February 6, 2006.  That motion requests the Court to prevent
the defendants in this case from pursuing any discovery
concerning Nancy J. Goss or Lisa Ellis, both of whom were co-
workers with Mr. McKenna while he was employed by the defendant,
and with whom he allegedly engaged in some type of consensual
sexual conduct.  He asserts that in correspondence exchanged in
October, 2004, defendant asserted that discussions he had with
his Human Resources Manager, Carol Kagenski, about Ms. Goss and
Ms. Ellis were unrelated to the reasons for his termination.
Consequently, he suggests that these subjects should be off

limits during discovery.

It is unclear exactly what relief Mr. McKenna is requesting in his motion.  To the extent that he has asserted a right to preclude the defendant from taking depositions of any or all of the three individuals named in his motion, that request cannot be granted.  "The burden of showing good cause to preclude a deposition altogether is a heavy one... [and] protective orders prohibiting depositions are rarely granted."  Dunford v. Rolly Marine Service Co., 233 F.R.D. 635, 637 (S.D. Fla. 2005).  Rather, the deposition is ordinarily convened and "[i]f the questions to be asked [of the witness are improper] then [the plaintiff's] recourse will be to object...."  In re Arthur Treacher's Franchise Litigation, 92 F.R.D. 429, 437 (E.D. Pa. 1981).

Alternatively, Mr. McKenna may be seeking a declaration from the Court that any and all questions asked to any of these three witnesses, whether through deposition or otherwise, or asked to him about these three witnesses and his conversations with them, are irrelevant.  The Court simply cannot make that determination in a vacuum.  In essence, Mr. McKenna's request for a preclusion order is premature.  If a specific interrogatory or document request is made to him which he believes impinges upon an area of irrelevance, he may object.  If a question is asked during a deposition that he believes to be irrelevant, he may object (although the Federal Rules of Civil Procedure allow testimony to be taken over objection unless a privilege is being asserted).  Absent a specific context in which the defendant has inquired about some subject matter related to the conversations by and among Mr. McKenna and the three persons identified in his motion, however, the Court simply cannot make a ruling that all such inquiries are irrelevant to any issue in the case.  Consequently, his motion to preclude (#16) is also denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge