IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin H. McKenna,                    :

      Plaintiff,              :

   v.                                :     Case No. 2:05-cv-0976

Nestle Purina PetCare Company,  :     JUDGE MARBLEY

      Defendant.             :

OPINION AND ORDER

In an Opinion and Order dated February 5, 2007, the
Magistrate Judge resolved a number of outstanding issues in this
employment discrimination case.  Since that time, a number of
additional motions have been filed, some of which request the
Court to reconsider rulings made by the Magistrate Judge.
Additionally, there are several motions pending which pre-date
the most recent ruling by the Magistrate Judge.  The Court will
address all of these matters in this Opinion and Order.

I.

Plaintiff, Kevin H. McKenna filed this action without
counsel and has been proceeding *pro se* since the beginning of the
case.  He has, on at least one occasion, asked the Court to
appoint him counsel.  On December 20, 2006, he renewed that
request, citing to both additional developments in the case and
his concern about his continued ability to represent himself.  He
repeated that request in a document filed on January 3, 2007,
which is entitled "Plaintiff's Request for Leave of Court."  That
latter document also requested a suspension of all matters in the
case until counsel was appointed and until certain other
discovery matters could be resolved.  Nestle has opposed this
request.

The Court notes that discovery in this case has bogged down, at least in part because the parties appear unable to resolve even the most basic discovery issues between themselves. The Court will establish a new discovery schedule in this order. However, it sees no need to stay discovery following the issuance of this order, in part because any unresolved discovery issues will be ruled upon in the order. Further, the Court sees no change in circumstances that would justify a reversal of its original decision not to appoint counsel for Mr. McKenna. He appears to be fully capable of litigating this case himself, and the Court is not yet in a position to determine whether the case has sufficient merit to warrant the appointment of counsel. Consequently, Mr. McKenna's renewed request for counsel will be denied.

II.

One of the key witnesses in this case is a former Nestle employee named Nancy Goss. Her deposition has been taken. Nestle has now moved for leave to file her deposition transcript in public fashion, even though Nestle and Mr. McKenna apparently agreed earlier that the transcript would be deemed confidential pursuant to an agreed protective order. Mr. McKenna has opposed the request.

The two justifications given by Nestle for filing the deposition transcript publicly are, first, that it intends to use the transcript to support a summary judgment motion which has not yet been filed, and, second, a public filing of portions of the transcript would be of assistance to the Court in resolving issues surrounding Mr. McKenna's alleged threats against Ms. Goss. The latter issue appears to have run its course, and, in any event, the Court is fully able to view a sealed transcript. As a result, the only issue is whether Nestle should be given permission to file the document other than under seal when it

files its summary judgment motion.

The parties apparently agreed to treat the deposition transcript as confidential. Under those circumstances, and as provided for in the agreed protective order, if one party changes its view about the confidentiality of a document, the burden is on the other party to demonstrate why the transcript should be deemed confidential. It does not appear to the Court that Mr. McKenna understands that, in order to maintain the confidentiality of the transcript, he needs to do more than simply show that Nestle originally agreed to keeping it sealed and that Ms. Goss was told by him prior to her deposition that the transcript would not be public. Rather, Mr. McKenna needs to advance some valid reason why the transcript should not be made public, such as the potential for harm to personal or business interests from the unsealing of the transcript.

At this point, Nestle has not indicated what portions of the transcript it wishes to file in support of its summary judgment motion, so that even if Mr. McKenna understood what showing had to be made, he would not have been able to make that showing with any specificity. Consequently, Nestle's motion to unseal the transcript will be denied without prejudice. Nestle should identify for Mr. McKenna's benefit those portions of the transcript it wishes to file in support of its summary judgment motion. Mr. McKenna shall then have ten days to review those portions and advise Nestle why he believes they should not be filed in a public fashion. If this procedure does not produce an agreement, Nestle may renew its motion to unseal the transcript, and Mr. McKenna must, if he wishes to have those portions of the transcript submitted under seal, demonstrate in his responsive memorandum what harm would result either to himself, to Ms. Goss, or to others from those portions of the transcript being filed in the usual public fashion.

III.

As noted, some of the pending motions relate to the Magistrate Judge's Opinion and Order filed on February 5, 2007. First, Nestle has asked the Court to reconsider that portion of the ruling which deemed Nestle's questioning of Mr. McKenna as to whether he had engaged in extramarital affairs or fathered children out of wedlock to be irrelevant. Nestle's sole argument in support of this motion is that whether Mr. McKenna had an affair with Ms. Goss is clearly relevant to issues in this case. Mr. McKenna's response has objected to portions of the Magistrate Judge's order relating to a dispute about whether Nestle is able to produce certain emails which Mr. McKenna had requested, and also whether the privilege log supplied by Nestle was adequate. In further filings, Mr. McKenna withdrew his objection concerning the Magistrate Judge's ruling about the email, apparently understanding that the order left that issue open for further discovery. However, Mr. McKenna then moved to stay any further response to Nestle's motion to overrule that portion of the Magistrate Judge's order which deemed any alleged extramarital affairs or children fathered out of wedlock to be irrelevant.

The Court sees no reason to delay a ruling on either party's objection to the Magistrate Judge's order. With respect to Nestle's objection, it does not appear that the Magistrate Judge concluded that Mr. McKenna's relationship with Ms. Goss, whatever it may have been, was irrelevant. In fact, it appears that Mr. McKenna has already answered discovery requests related to that issue. Rather, the Magistrate Judge deemed irrelevant Nestle's request to involve any other affairs which Mr. McKenna allegedly may have been involved in or whether he fathered a child out of wedlock with anyone other than Ms. Goss. Since Nestle does not argue that the ruling on these issues was either clearly erroneous or contrary to law, that ruling will be upheld.

Mr. McKenna's only objection relates to the adequacy of Nestle's privilege log.  After reviewing the Magistrate Judge's order, the Court concludes that the ruling reached in that order was correct.  As a result, that objection will be overruled as well.

IV.

Nestle has also filed two motions for sanctions under Fed. R. Civ. P. 11.  Both motions relate to documents filed by Mr. McKenna in which, according to Nestle, Mr. McKenna has engaged in unfounded, unsupported, and unwarranted attacks on the conduct of Nestle's counsel.  The procedural prerequisites for Rule 11 have been satisfied in that Nestle gave prior notice to Mr. McKenna of its intent to move for sanctions and demanded that he withdraw the allegedly offending filings.  When he did not, and the appropriate time period had passed, Nestle filed its motions.

The Court agrees that, in both email correspondence which has been submitted as Exhibits to the Court, and in filings, the dialogue between counsel and Mr. McKenna has not been ideal.  The Court also perceives that the underlying facts giving rise to this litigation are, at least from Mr. McKenna's perspective, somewhat emotionally charged, and that events that have occurred during the course of litigation (particularly events surrounding the deposition of Nancy Goss and the alleged threats made to her by Mr. McKenna) which have exacerbated the emotional component of this litigation.  Although the Court agrees that a *pro se* litigant is held to the same standards as an attorney with respect to Rule 11, the Court does not perceive that Mr. McKenna has filed the documents in question merely for purposes of harassment or delay.  The Court will not award sanctions at this time.  However, Mr. McKenna is advised, in the future, to be more temperate in his comments toward the conduct of opposing counsel.  If he does choose to make statements impugning the honesty or

5

integrity of such counsel and is not able to support such statements with a factual showing, sanctions may well be imposed in the future.

V.

Mr. McKenna filed an amended complaint.  In response, Nestle moved for a more definite statement.  After reviewing the motion and the amended complaint, the Court agrees that although the complaint is not ideally drafted, it appears clearly to state that Mr. McKenna is simply adding O.R.C. Chapter 4112 as an additional basis for his employment discrimination claims.  If the Court correctly perceives that to be the intent of the amendment, a more definite statement would not assist Nestle in preparing a response.  Therefore, that motion will be denied, and Nestle will be directed to submit a response to the amended complaint within ten days.

VI.

Finally, on May 30, 2007, Mr. McKenna filed a motion for sanctions relating to the production of his email account.  That motion is also fully briefed.  In it, Mr. McKenna again requests that Nestle produce the contents of his email account at or about the time of his termination and, alternatively, argues that Nestle should be sanctioned if it actually destroyed the emails in that account (which Nestle claims to have done, and which Mr. McKenna continues to express skepticism about).

After reviewing this and prior filings relating to this account, the Court concludes, first, that Nestle has now provided an adequate explanation of why the information in Mr. McKenna's email account is no longer available.  Nestle's ability to produce certain emails over seven days old, a fact which was noted in the Report and Recommendation and which appeared at the time to contradict Nestle's description of its document retention policy, now appears to be consistent with Nestle's overall

document retention policy.  As most recently articulated, that policy provides that emails deleted by the user are overwritten after seven days, and that all documents relating to a terminated employee are eliminated after 30 days.  Since both of these dates have long since passed, it is consistent with Nestle's policy that the emails requested by Mr. McKenna no longer exist.  It also explains how Nestle was able to produce some emails older than seven days because those emails had never been deleted by Mr. McKenna.

With respect to the issue of sanctions, Mr. McKenna argues that it should have been apparent to Nestle at or about the time of his termination that litigation would ensue.  As a result, he contends that Nestle had a duty to maintain all documents relating to his termination, including his email account.  Because it did not do so, Mr. McKenna argues that Nestle should be sanctioned.

The record before the Court with respect to this alleged spoliation of evidence claim is simply not complete enough for the Court to make a determination as to what Nestle should have been aware of, and how it applied its document policy, at the time of Mr. McKenna's termination.   Again, this is an issue where further discovery, including depositions of Nestle personnel, may well shed more light on the question of whether Nestle should reasonably have apprehended litigation when it terminated Mr. McKenna and whether its admitted destruction of documents relating to his employment forms the basis for some type of sanction.  It is not readily apparent how any documents that may have been destroyed would assist Mr. McKenna in prosecuting this case.  On the basis of the present record, the Court cannot make any determination about whether sanctions are appropriate and therefore will deny Mr. McKenna's motion for sanctions.

VII.

Based upon the foregoing, the Court disposes of all pending motions as follows.  Plaintiff's renewed motion for appointment of counsel (#65), his Request for Leave of Court (#68), his request for a stay (#80), and his motion to compel or for sanctions (#93) are all DENIED.  Defendant's motions for reconsideration (#78), to strike doc. No. 80 (#85), for sanctions (#86 and #88), and for a more definite statement (#87) are DENIED.  Defendant's motion to unseal the deposition of Nancy Goss (#70) is DENIED WITHOUT PREJUDICE as to further proceedings as described in Section II of this Opinion and Order.  Defendant shall move or plead in response to the amended complaint within ten days.  The parties shall complete all remaining discovery by January 15, 2008 and shall file any dispositive motions on or before February 15, 2008.


                              s/Algenon L. Marbley
                              Algenon L. Marbley
                              United States District Judge