IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN H. MCKENNA, | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff*, | : | |
| | : | |
| v. | : | JUDGE MARBLEY |
| | : | |
| NESTLÉ PURINA PETCARE CO., | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant*. | : | |

_____

**NESTLÉ PURINA PETCARE COMPANY'S MEMORANDUM IN OPPOSITION TO KEVIN MCKENNA'S MOTION FOR RELIEF FROM JUDGMENT**

**I.   INTRODUCTION**

Kevin McKenna (hereinafter "McKenna") is once again before this Court. On March 31, 2009, this Court granted Nestlé Purina PetCare Company's (hereinafter "Nestlé") Motion for Summary Judgment. McKenna appealed this Order and the United States Court of Appeals for the Sixth Circuit affirmed this Court's ruling. The same arguments raised in McKenna's current Motion were raised in McKenna's appellate briefs.

**II.   LAW AND ARGUMENT**

    **A.   McKenna Has Not Met His Burden.**

McKenna requests relief from judgment and therefore "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In order to establish fraud on the court, McKenna must establish conduct (1) on the part of an officer of the court; (2) that is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) is a positive averment or concealment when one is under a duty to disclose; and,

(5) deceives the court. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). McKenna argues that Nestlé's Counsel falsely stated that Ms. Nancy Goss's (hereinafter "Goss") animus towards McKenna was not based on his status as a male but based on their prior relationship. *Motion*, p. 4 (Doc. #176). McKenna fails to demonstrate how this statement was false, willfully blind to the truth, or in reckless disregard for the truth. Further, McKenna fails to acknowledge that the arguments proffered by Nestlé's Counsel were supported by Goss's testimony.

McKenna's Attachment A to his Motion accuses Nestlé of committing fraud by referring to McKenna's relationship with Goss as a "romantic relationship." McKenna's argument borders on comical considering McKenna himself referred to the relationship as "consensual, sexual/erotic natured, up and down, on and off again…" and as a "sex/sexually oriented work relationship…" *McKenna's App. Brief*, Case No. 09-3400, p. 10 and p. 26, attached hereto as Exhibit A. This is classic McKenna hairsplitting and similar to arguments this Court previously overruled. *See Opinion and Order*, p. 11 (Doc. #168).

McKenna's Attachment A asserts his relationship with Goss was mischaracterized by Nestlé. McKenna takes great pains to state he never had sexual intercourse with Goss, but does not deny the other sexual acts Goss testified occurred. *See Attachment A to McKenna's Motion* (Doc. #176), p.5, *Goss Depo. Tr. P. 21, ll. 12-17*; *Attachment A*, p. 9, *Goss Depo. Tr. P. 34, ll. 2-7*. In short, McKenna admits he engaged in a relationship with Goss that went beyond the bounds of friendship and admits he engaged in sexual acts with Goss but complains Nestlé committed fraud by referring to his relationship with Goss as sexual or romantic relationship. McKenna again fails to demonstrate how the statements made by Nestlé were false, willfully blind to the truth, or in reckless disregard for the truth.

McKenna is simply not happy with the outcome of this case, but that is not grounds for providing relief from judgment. "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Yeschick v. Mineta*, 2010 WL 2774310, *1 (N.D. Ohio 2010), citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).  McKenna's Motion advances little in the way of argument.  Instead, McKenna generally asserts that "Nestle's Legal Counsel have been engaging in fraud, omission, subornation of fraud, perjury and evidence tampering…" *Motion* p. 2 (Doc. #176).  Instead of supporting these accusations, McKenna simply states, "The exact *manner* and *context* of each instance in which the issue of *perjury* has been previously raised before this Court in one form or another, *cannot* be concisely articulated for purposes of the motion, or for this court." *Id*. [emphasis in original].  In short, McKenna has no support for his accusations.

B.     **The Law Of The Case Doctrine Bars McKenna's Arguments.**

There can be no legitimate purpose for McKenna's Motion when the entry of judgment McKenna seeks to set aside was affirmed by the Sixth Circuit.  This is now the law of the case and cannot be set aside.  The law-of-the-case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Moses v. Business Card Express, Inc.*, 929 F. Supp.2d 1131, 1137 (6th Cir. 1991); see also *Rouse v. DaimlerChrysler Corp. UAW*, 300 F.3d 711, 715 (6th Cir. 2002)("Under the law-of-the-case doctrine, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation.").  This doctrine limits re-litigation of an issue previously decided. *Limited Brands, Inc. v. F.C. (Flying Cargo) Int'l Transp., Ltd.*, 545 F.

Supp.2d 692, 700-01 (S.D. Ohio 2008).  In this case, the Sixth Circuit affirmed this Court's order granting Nestlé summary judgment.

In his Motion for Relief from Judgment, McKenna argues the false representation made by Nestlé was that Goss's behavior towards McKenna was based on their prior relationship and that Goss treated Ellis adversely because Goss believed McKenna and Ellis were romantically involved.  *Motion*, p. 4 (Doc. #176).  The Sixth Circuit determined, "Instead, the evidence shows that the alleged harassers' actions towards McKenna were based on personal conflict resulting from the fact that McKenna had engaged in romantic relationships with them."  *Opinion and Order*, p. 2-3, attached hereto as Exhibit B.  The Sixth Circuit ruled on this issue and this is now the law of the case, which bars McKenna from re-litigating this issue.

In his appellate brief, McKenna states, "…Goss deduced McKenna and Ellis were having sexual relations."  *McKenna App. Br.*, p. 5.  McKenna made the same representations that Nestlé made---Goss believed Ellis and McKenna were engaged in a sexual relationship.  McKenna also states, "Goss's now rebuked, adulterated friendship with McKenna escalated Goss's incessant harassment of McKenna…"  *Id*. at p. 14.  McKenna also stated, "It is only after a relationship based solely upon Goss,…dictated by Goss at the workplace ended that Goss developed an insatiable animus towards McKenna, harassing not only McKenna, but also any person of the opposite sex who may work with or associate with McKenna…"  *Reply App. Br.*, p. 11 [emphasis omitted], attached hereto as Exhibit C.  McKenna asserts, "Over two (2) months later, Goss incessantly stalked and harassed Ellis, Goss's best friend, ***but for*** Ellis's workplace association with McKenna, insatiably persecuting Ellis for the alleged demise of Goss's relationship with McKenna."  *McKenna App. Br*. at p. 14, FN 29 [emphasis in original].  In short, McKenna asserts that Goss's harassment stems from him ending their relationship and that

this caused Goss to treat Ellis adversely also. The same alleged fraudulent statements made by Nestlé were made by McKenna. It is perhaps easy for McKenna to forget he made these same representations given the numerous and voluminous pleadings he has filed that are designed only to harass Nestlé.

Even if McKenna now disavows the representation, they were clearly brought before the appellate court, which bars McKenna from re-litigating these issues. "Nestle's contention that McKenna, Goss, and Ellis were ever 'romantically' involved is plainly stated, a ***LIE***." *McKenna's Reply App. Br.*, p. 4 [emphasis in original]. McKenna then devotes the next three (3) pages of his Reply Brief arguing why he and Goss were not involved in a romantic or sexual relationship. Accordingly, McKenna's Motion for Relief from Judgment must be denied.

### III. CONCLUSION

McKenna fails to demonstrate that fraud was committed upon the Court. Further, some of the representations McKenna now claims were fraudulent were also made by McKenna. The argument related to the characterization of McKenna's relationship with Goss was brought before the Sixth Circuit. McKenna simply advances no legitimate arguments in his Motion.

Respectfully submitted,

**Roetzel & Andress, LPA**

/s/ Brian E. Dickerson
Brian E. Dickerson   (#0069227)
Jonathan R. Secrest  (#0075445)
155 E. Broad Street
National City Center, 12th Floor
Columbus, OH 43215
Telephone: (614) 463-9770
Facsimile:  (614) 463-9792
bdickerson@ralaw.com
jsecrest@ralaw.com
Attorneys for the Defendant

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and electronically served Plaintiff Kevin McKenna with the foregoing document:

>Kevin H. McKenna
>4885 Adamsville Road, Zanesville, Ohio 43701
>KMCKENN@columbus.rr.com
>*Pro Se* Plaintiff

>/s/ Brian E. Dickerson
>Brian E. Dickerson (#0069227)