# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN H. MCKENNA, | : | |
| | : | CASE NO. C2 05 976 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | JUDGE MARBLEY |
| | : | |
| NESTLÉ PURINA PETCARE CO., | : | |
| | : | MAGISTRATE JUDGE KEMP |
| *Defendant.* | : | |

_____

**DEFENDANT NESTLÉ PURINA PETCARE CO.'S
MOTION FOR SANCTIONS AND MOTION TO DECLARE KEVIN MCKENNA
A VEXATIOUS LITIGATOR AND MEMORANDUM IN SUPPORT**

Now comes Nestlé Purina PetCare Co. (hereinafter "Nestlé"), by and through undersigned counsel, who hereby respectfully requests this Court grant sanctions against Kevin H. McKenna (hereinafter "McKenna"), including an award of attorney fees, and declare McKenna a vexatious litigator. The reasons in support of this Motion are set forth more fully in the accompanying Memorandum in Support.

Respectfully submitted,

**Roetzel & Andress, LPA**

/s/ Brian E. Dickerson
Brian E. Dickerson   (#0069227)
Jonathan R. Secrest  (#0075445)
155 E. Broad Street
PNC Plaza, 12th Floor
Columbus, OH 43215
Telephone: (614) 463-9770
Facsimile:  (614) 463-9792
bdickerson@ralaw.com
jsecrest@ralaw.com
Attorneys for the Defendant

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

This Court granted summary judgment in Nestlé's favor on March 31, 2009. *Opinion and Order* (Doc. #168). McKenna appealed this decision to the United States Court of Appeals for the Sixth Circuit. *Notice of Appeal* (Doc. #170). The Sixth Circuit affirmed this Court's Decision on December 23, 2009.

McKenna also initiated a second lawsuit against Nestlé on March 14, 2008, which was assigned Case No. 2:08-cv-253. On March 24, 2009, this Court granted Nestlé's Motion to Dismiss. McKenna appealed this decision as well. *Notice of Appeal* (Doc. #21), Case No. 2:08-cv-253. The Sixth Circuit affirmed this Court's decision on November 23, 2009.

Since that time, McKenna filed an Application to Extend Time to File a Petition for Writ of Certiorari with the United States Supreme Court. Attached hereto as Exhibit A. McKenna also filed a Request for Status Conference in this Court. *Request for Status Conference* (Doc. #175). Most recently, McKenna filed a Motion for Relief from Judgment with accompanying attachments. *Motion for Relief* (Doc. #176). Much like McKenna's previous filings, the Motion for Relief from Judgment is not supported by law and serves no purpose other than to harass Nestlé.

II. **LAW AND ARGUMENT**

 A. **Sanctions Are Warranted.**

United States Code 28 U.S.C. § 1927 provides, "Any attorney or other person…who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

of such conduct." This Statute applies to the conduct of pro se litigants, such as McKenna. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-39 (6th Cir. 2002).

Even in the absence of the Statute, Courts have inherent power to sanction bad faith conduct if the statutes or rules do not provide an adequate sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A court has "the inherent power to sanction a party when that party exhibits bad faith[.]" *Youn v. Track, Inc.,* 324 F.3d 409, 420-21 (6th Cir.2003), citing, *inter alia, Chambers,* 501 U.S. at 43-50. "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Stalley v. Methodist Healthcare,* 517 F.3d at 911, 920 (6th Cir.2008), quoting *Chambers,* 501 U.S. at 43. "Even if there were available sanctions under statutes or various rules in the Federal Rules of Civil Procedure ... the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 511 (6th Cir. 2002). "[T]he court ordinarily should rely on the Rules rather than the inherent power[;][b]ut if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.* McKenna's Motion for Relief from Judgment serves no purpose other than harassing Nestlé and unnecessarily multiplies proceedings that were closed over one (1) year ago. Further, the Sixth Circuit affirmed the judgment McKenna now seeks to set aside and addressed the same argument McKenna now sets forth.

Sanctioning a pro se litigant is extreme and harsh, but McKenna has clearly demonstrated he will not cease filing documents and pleadings regardless of whether there is a legal basis. Further, McKenna demonstrated he will not cease his personal attacks on Nestlé's Counsel despite this Court warning McKenna to cease such conduct. The Sixth Circuit previously

authorized an award of attorney fees against a Title VII plaintiff who engaged in frivolous and unreasonable conduct. *See Riddle v. Egensperger*, 266 F.3d 542 (6th Cir. 2001).  Not only is the filing of the Motion for Relief from Judgment sanctionable, but so are the statements contained within that Motion. This Honorable Court previously admonished McKenna to refrain from impugning the character of opposing counsel.  This Court stated, "Nevertheless, this Court cautions that pleadings McKenna has filed in this action move dangerously close to sanctionable behavior.  Being a pro se litigant is not a license for McKenna to state and do whatever he wants." *Order*, p. 8 (Doc. #19, Case No. 2:08-cv-253).  This Court also cautioned McKenna, "However, Mr. McKenna is advised, in the future, to be more temperate in his comments toward the conduct of opposing counsel. If he does choose to make statements impugning the honesty or integrity of such counsel and is not able to support such statements with a factual showing, sanctions may well be imposed in the future." *Order*, pp. 5-7 (Doc. #97). This Court also issued its final warning to McKenna: "This serves as McKenna's final warning to temper his comments toward the conduct of opposing counsel. If McKenna continues to impugn the honesty or integrity of opposing counsel without factual support, sanctions will be imposed." *Order*, p. 10 (Doc. #19, Case No. 2:08-cv-253).

Undeterred by this Court's warnings, McKenna continued to impugn opposing counsel in briefs filed with the Sixth Circuit.  McKenna stated, "It always has been, is now, and will always be McKenna's position that Nestle is and has been committing ***fraud*** against McKenna, the EEOC, and now the Federal Judiciary of the United States." *McKenna's App. Br.*, p. 56, Case No. 09-3570 [emphasis in original], Exhibit A to *Memo in Opposition* (Doc. #178).  "Nestle doesn't hesitate to continue its vexatious litigation, and continuing to make intentional misrepresentations to the Federal Judiciary…" *Id*. at p. 60.  "Nestle defeated McKenna's attempt

for the District Court to intervene, by committing fraud upon Magistrate Judge Kemp…" *McKenna Reply Br.*, p. 15, Case No. 09-3400.

Now, McKenna is again impugning the character of opposing counsel by insisting "that Nestle's Legal Counsel have been engaging in fraud, omission, subornation of fraud, perjury and evidence tampering as unlawful means to prevail in this case." *Motion for Relief from Judgment*, p. 2, Doc. #176. McKenna demonstrates utter contempt and disregard for this Court's prior Orders and warnings and proceeds undeterred in his assailment of the character of Nestlé's Counsel and unfounded accusations. McKenna even admits his accusations have no support, "The exact *manner* and *context* of each instance in which the issue of *perjury* has been previously raised before this Court in one form or another, *cannot* be concisely articulated for purposes of the motion, or for this court." *Id*. [emphasis in original]. McKenna's accusations and assaults have gone on long enough. This Court granted McKenna great leeway in not sanctioning his prior conduct, but McKenna's latest accusations are proof that this conduct will not cease without court action.

McKenna has now filed four (4) Charges of Discrimination against Nestlé with the Ohio Civil Rights Commission/Equal Employment Opportunity Commission; all 4 were dismissed after a finding of no probable cause. (R.79, p. 6, R.165-6, *Response in Opposition to Motion for Partial Summary Judgment* p.12-18) McKenna filed two (2) lawsuits against Nestlé with the United States District Court for the Southern District of Ohio; both lawsuits were dismissed. *See Order* (Doc. #168) and *Order* (Doc. #9, Case No. 2:08-cv-253. McKenna filed two (2) appeals with this Sixth Circuit; both decisions of this Court were affirmed in favor of Nestlé.

On January 15, 2010, McKenna filed two (2) grievances with the Columbus Bar Association: one against Attorney Brian Dickerson and one against Attorney Jonathan Secrest.

*See Exhibits B and C*.  McKenna also filed a complaint of attorney misconduct with the Sixth Circuit.  *See Notice*, attached hereto as Exhibit D.

McKenna's insistence on continuing to file pleadings in this case is proof that McKenna will not cease in his crusade against Nestlé.  McKenna states, "Other than literally taking McKenna's (physical) 'life', [sic] there is little to nothing Nestle could do to further 'dissuade' McKenna from continuing/maintain his Complaint of Discrimination…"  (Doc.#9, Case No. 2:08-cv-253), *Id*. at p. 12.  In his Appellate Brief, McKenna states:

> Be it said, and heard, here and now: Regardless of the pain and suffering my family and I have, and continue to endure(d) regarding this discrimination lawsuit, so long as blood flows through my veins, and breath through my lungs, I shall never cower to this TYRANNY that is known as "Nestle."

*McKenna Appellate Brief*, Case No. 09-3400, p. 30 [emphasis in original] attached hereto as Exhibit E.  Recently, McKenna stated, "I will not tolerate my Civil Rights being railroaded in the United States of America, and so long as I live, this will not be over."  *July 26, 2010, Email*, attached hereto as Exhibit F.

Nestlé has incurred significant expense in defending McKenna's numerous filings and pleadings and will continue to incur significant legal fees because McKenna will not cease in his crusade against Nestlé.  McKenna's words and actions demonstrate that this will never stop.  This Northern District of Ohio previously authorized an award of sanctions against a pro se litigant who "continued to file meritless pleadings after having been notified that doing so would result in sanctions for her continued maintenance of unfounded, frivolous and vexatious litigation."  *Gitler v. Ohio*, 632 F. Supp.2d 722, 724 (N.D. Ohio 2009).  McKenna has continued to file meritless pleadings attacking the credibility and character of opposing counsel, despite this Court's prior admonishments.  McKenna cannot say he was not provided ample warning.

B.   **Vexatious Litigator**

"While a court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation." *Conway v. Nusbaum*, 109 Fed. Appx. 44, 46 (6th Cir. 2004) [internal citation omitted], citing *Ortman v. Thomas*, 99 F.3d 807 (6th Cir. 1996); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

McKenna demonstrates and states that he will continue to pursue this matter regardless of the merits.  McKenna has filed four Charges of Discrimination with the Ohio Civil Rights Commission/Equal Employment Opportunity Commission, filed two complaints with this Court, filed two appeals with the Sixth Circuit, filed one petition for writ of certiorari, and filed two grievances with the Columbus Bar Association. Further, McKenna stated, "The CA6, USC, or my death won't stop this" in referring to his pursuit of claims against Nestlé. *December 23, 2009, Email*, attached hereto as Exhibit G.  McKenna is engaging in a strategy of filing pleadings designed solely for the purpose of harassment and to increase the costs of litigation to Nestlé.

In addition to the multiple personal attacks on Nestlé's Counsel in pleadings filed with the Sixth Circuit and this Court, McKenna's grievance filed with the Columbus Bar Association accuses Nestlé's Counsel of:

> [E]ngag[ing] in a grotesque pattern of fraud, known misrepresentations of fact(s), perjury, subornation of witness perjury, literally "whatever it takes to win," to such an extent I have not personally eliminated the possibility the named Attorneys would terminate my life as a means to that end.

*Grievances*, p. 1, attached hereto as Exhibits B and C.

McKenna's actions, filings, personal attacks, and continued pursuit of baseless claims against Nestlé cannot go unchecked any longer.  A state agency, a federal agency, and two

federal courts have all heard McKenna's claims and each one disposed of them.  McKenna was afforded numerous opportunities to have his claims heard; however, McKenna should no longer be permitted to burden Nestlé or the federal court system with baseless and meritless filings.  McKenna's recent request for a status conference and Motion for Relief from Judgment are perfect examples that McKenna will not cease filing pleadings and documents.  *See* Doc. #175 and #176.  Nestlé does not need to point to the countless filings to demonstrate McKenna will not stop; McKenna himself states he will not stop.

**WHEREFORE**, Nestlé respectfully requests this Court grant it an award of attorney fees incurred in responding to McKenna's Motion for Relief from Judgment and declare McKenna a vexatious litigator and impose pre-filing restrictions upon him that include requiring review of any pleading or document by a special master prior to permitting the pleading or document be accepted for filing.

Respectfully submitted,

**Roetzel & Andress, LPA**


/s/ Brian E. Dickerson
Brian E. Dickerson   (#0069227)
Jonathan R. Secrest  (#0075445)
155 E. Broad Street
PNC Plaza, 12th Floor
Columbus, OH 43215
Telephone: (614) 463-9770
Facsimile:  (614) 463-9792
bdickerson@ralaw.com
jsecrest@ralaw.com
Attorneys for the Defendant

9

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and electronically served Plaintiff Kevin McKenna with the foregoing document:

    Kevin H. McKenna
    4885 Adamsville Road, Zanesville, Ohio 43701
    KMCKENN@columbus.rr.com
    *Pro Se* Plaintiff

            /s/ Brian E. Dickerson
            Brian E. Dickerson (#0069227)