IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN H. MCKENNA, | : | |
| | : | |
| Plaintiff, | : | Case No. C2-05-976 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| NESTLE PURINA PETCARE CO., | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Kevin H. McKenna's ("McKenna") Motion to Set Aside Judgment for Fraud on the Court (Doc. 176) and on Nestle Purina PetCare Company's ("Nestle") Motion for Sanctions and to Declare Kevin McKenna a Vexatious Litigator (Doc. 179). McKenna's Motion to Set Aside the Judgment is brought pursuant to Fed. R. Civ. P. 60(d)(3). Nestle's Motion is brought pursuant to 28 U.S.C. § 1927 and this Court's inherent power to sanction bad faith conduct. For the reasons set forth below, McKenna's Motion to Set Aside Judgment for Fraud on the Court is **DENIED**, and Nestle's Motion for Sanctions and to Declare Kevin McKenna a Vexatious Litigator is **DENIED** in part and **GRANTED** in part.

**II. BACKGROUND[1]**

McKenna worked for Nestle in Zanesville, Ohio as an Information Systems Technician from October 2001 until his termination on October 14, 2004. McKenna was terminated for various violations of Nestle's Electronic Communications Policy ("ECP"). After his termination,

---
[1] For a more robust factual background, see this Court's opinion in *McKenna v. Nestle Purina Petcare Co.*, No. C2-05-976, 2009 WL 891747 (March 31, 2009 S.D. Ohio).

1

on April 4, 2005, McKenna filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed this charge because no probable cause existed to support a finding that discrimination had occurred. McKenna then filed a retaliatory termination and sexual harassment claim against Nestle on October 25, 2005 in which he alleged that a coworker harassed him, that he complained of the harassment, and that Nestle retaliated against him because of his complaint (Doc. 1). McKenna filed a Motion for Summary Judgment on January 26, 2009 (Doc. 162). In that motion, he asserted a sex discrimination claim based on disparate treatment. Nestle subsequently filed a Memorandum in Opposition to McKenna's summary judgment motion (Doc. 165).

Upon consideration of the motions, this Court denied McKenna's Motion for Summary Judgment and entered a judgment dismissing McKenna's complaint. *McKenna v. Nestle Purina Petcare Co.*, No. C2-05-976, 2009 WL 891747, at *12 (March 31, 2009 S.D. Ohio) ("*McKenna I*"). McKenna appealed this Court's judgment to the Sixth Circuit. *See McKenna v. Nestle Purina Petcare Co.*, No. 09-3570, slip. op. (6th Cir. Dec. 23, 2009) ("*McKenna II*"). The Sixth Circuit affirmed this Court's granting of summary judgment in favor of Nestle. *Id.* at 5. Subsequent to the Sixth Circuit's decision, McKenna filed a Motion to Set Aside Judgment for Fraud on the Court pursuant to Fed. R. Civ. P. 60(d)(3), requesting that this Court set aside its summary judgment ruling because Nestle perpetrated a fraud on the Court. (Doc. 176). That motion is now before the Court.

Additionally, Nestle filed a Motion for Sanctions and to Declare Kevin McKenna a Vexatious Litigator under 28 U.S.C. § 1927 and pursuant to this Court's inherent power to sanction bad faith conduct. In its Motion, Nestle claims McKenna's numerous filings support an

award of attorneys' fees, a determination that McKenna is a vexatious litigator, and the imposition of pre-filing restrictions. This Motion is also before the Court.

### III. LEGAL STANDARD

#### A. Fraud on the Court

Typically, motions to set aside judgments are subject to a one-year bar. Fed. R. Civ. P. 60(b)(3). If, however, a plaintiff alleges that a fraud was committed against the court, there is no such bar. Fed. R. Civ. P. 60(c)(1). Fed. R. Civ. P. 60(d)(3) states: "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Rule 60(d)(3) thus allows claimants to escape Rule 60(c)(1)'s one-year statute of limitations imposed on 60(b)(3) motions for fraud, and allege fraud on the court regardless of the passage of time. *See Parkhurst v. Pittsburgh Paints, Inc.*, No. 10-8026, 2010 WL 4069430, at *1 (10th Cir. Oct. 19, 2010).

The Sixth Circuit has narrowly interpreted fraud on the court as contemplated by Rule 60(d)(3): "Fraud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993) (internal quotation omitted). Relief under Rule 60(d)(3), therefore, is usually "reserved for circumstances in which, for example, a judge or a juror has been bribed, a bogus document is inserted in the record, or improper influence has been exerted upon the court or an attorney so that the integrity of the

court and its ability to function is directly impinged." *Morawski v. United States Dep't of Agric.*, No. 09-14568, slip. op., 2010 WL 2663201, at *7 (E.D. Mich. July 2, 2002).

### B. Attorneys' Fees and Vexatious Litigator

A district court may impose sanctions pursuant to statute or its "inherent powers." *See* 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Both of these sources allow a court to award attorneys' fees in appropriate situations. *See, e.g.*, *Gitler v. Ohio*, 632 F. Supp. 2d 722, 723-24 (N.D. Ohio 2009) (imposing attorneys' fees on *pro se* litigant). If an award of attorneys' fees is not appropriate, however, lesser sanctions may be available. *See, e.g.*, *Amadasu v. Holloway Credit Solutions, LLC*, 2009 WL 948767, at *8 (S.D. Ohio April 3, 2009) (imposing pre-filing restrictions on *pro se* litigant instead of awarding attorneys' fees).

Section 1927 states: "An attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2006). Though the language of Section 1927 limits who may be sanctioned to an "attorney or other person admitted to conduct cases," courts in the Sixth Circuit also have invoked this section to sanction *pro se* litigants. *See Gitler*, 632 F. Supp. 2d at 723-24  (imposing attorneys' fees on *pro se* litigant); *Amadasu*, 2009 WL 948767, at *8 (imposing pre-filing restrictions on *pro se* litigant). Sanctions are appropriate when an attorney (or *pro se* litigant) "knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). While "[s]imple inadvertence or negligence that frustrates the trial judge

will not support a sanction under § 1927," the statute does not require a finding of bad faith. *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001); *Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007).

A district court may also sanction litigants who have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" pursuant to its "inherent powers." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (internal quotations omitted). In the Sixth Circuit, in order to award attorneys' fees pursuant to its inherent powers, the district court must find: "(1) that the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper purpose such as harassment." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Thus, unlike sanctions imposed pursuant to Section 1927, a court imposing sanctions pursuant to its inherent powers must find bad faith conduct occurred. *BDT Products, Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).

Additionally, when sanctioning an attorney or *pro se* litigant under Section 1927 or pursuant to its inherent powers because of a "history of repetitive or vexatious litigation," a district court may also impose pre-filing restrictions. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Such restrictions require the vexatious litigator to obtain leave of court before filing an additional action arising out of identified facts. *Id.* The Sixth Circuit has noted that the imposition of such restrictions is "the proper method for handling the complaints of prolific litigators . . . ." *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

## IV. LAW & ANALYSIS

### A. Fraud on the Court

In his Motion to Set Aside the Judgment, McKenna argues that Nestle's attorneys have committed fraud upon this Court by knowingly misrepresenting to this Court that McKenna's relationship with his former female co-worker, Nancy Goss ("Goss"), was romantic. To establish a fraud upon the Court, a movant must prove that conduct was: (1) committed on the part of an officer of the court; (2) directed to the judicial machinery itself; (3) intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) a positive averment or a concealment when one is under a duty to disclose; and (5) deceptive of the court." *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000).

To establish the test's third prong that Nestle made intentionally false statements, McKenna points only to Nestle's attorneys' repeated characterization of his relationship with Goss as being "romantic" (Doc. 176). McKenna himself, however, repeatedly characterized Goss's behavior toward him as "romantic obsession" (Doc. 3-2, p.3). Thus, he cannot now claim that Nestle's attorneys were willfully blind to the truth, as the *Workman* standard requires, when both he and the company described the relationship using identical terms. Because this alleged mischaracterization of McKenna's relationship with Goss was the only evidence cited to prove the third prong of the *Workman* test and the test's elements are not disjunctive, McKenna fails to prove the Defendant committed a fraud upon this Court and his Motion to Set Aside Judgment for Fraud on the Court is **DENIED**.

### B. Attorneys' Fees

Nestle seeks an award of attorneys' fees incurred in the defense of McKenna's fraud on the court claim based on § 1927 and the inherent powers of this Court. Under Section 1927, it is appropriate to award fees when an attorney or *pro se* litigant "knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Jones*, 789 F.2d at 1230. Similarly, to award fees pursuant to the inherent powers of the court, it is necessary to demonstrate that counsel or a *pro se* litigant knew or should have known that their claims were without merit. *Big Yank Corp.*, 125 F.3d at 313. These standards are to be applied with particular strictness when the plaintiff proceeds *pro se*. *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980); *see also Miller v. Los Angeles Cty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1980) (plaintiff's *pro se* status must be taken into account when awarding attorneys' fees). Thus, prior to imposing attorneys' fees on a *pro se* litigant, a court must first put the litigant on notice that additional inappropriate behavior will result in the imposition of fees. *See Gitler*, 632 F. Supp. 2d at 723-24.

In this case, it is not clear that McKenna, as a *pro se* plaintiff, was given adequate notice before filing the present motion that further action on his part might result in the imposition of fees. First, this Court did not warn McKenna that any additional filings arising out of his termination by Nestle would result in sanctions. Instead, this Court's warnings to McKenna, concerned the *content* of his filings—apprising him of the potential consequences of continuing to impugn the character of Nestle's counsel in his filings, but included no direct warning regarding the volume of his filings. Further, though an attorney would comprehend the frivolous nature of a motion asserting arguments previously rejected by both this Court and the Sixth Circuit, and may have properly been sanctioned under these circumstances, *pro se* litigants must be given more latitude. *Donkers v. Simon*, 173 Fed. Appx. 451, 454 (6th Cir. 2006). Thus,

7

because this Court did not specifically warn McKenna regarding additional filings setting forth unmeritorious claims and given that the Court must allow him more latitude in filing motions as a *pro se* litigant, McKenna's filing of the Rule 60(d)(3) Motion was not so frivolous as to warrant his paying Nestle's attorneys' fees. Therefore, for the reasons stated above, Nestle's Motion for Attorney's Fees is **DENIED.**

### C. Vexatious Litigator and Pre-filing Restrictions

Though attorneys' fees are not warranted in this situation, the manner in which McKenna has conducted this litigation is deserving of lesser sanctions. Pre-filing restrictions, one form of such lesser sanctions, are not uncommon in "matters with a history of repetitive or vexatious litigation" *See Feathers*, 141 F.3d at 269.  McKenna has become such a repetitive and vexatious litigant.

Despite this Court's warnings, Plaintiff has continued to attack the character of Nestle's attorneys in his filings without factual support. For example, in his Motion to Set Aside Judgment, McKenna alleged that "Nestle's Legal Counsel have been engaging in fraud, omission, subornation of fraud, perjury and evidence tampering as unlawful means to prevail in this case" (Doc. 176, p. 2). He then went on to admit that he is unable to substantiate these claims: "The exact *manner* and *context* of each instance in which the issue of *perjury* has been previously raised before this Court in one form or another, *cannot* be concisely articulated for the purposes of the motion, or for this court." *Id.* Moreover, McKenna's filings demonstrate that, if not prevented from doing so, he is likely to continue filing claims arising out of his Nestle termination and attacking the character of Nestle's counsel in his those filings. McKenna has stated that "[o]ther than literally taking McKenna's (physical) 'life', there is little to nothing

8

Nestle could do to further 'dissuade' McKenna from continuing/maintaining his Complaint of Discrimination…." (Doc. 9, p.12). And, McKenna, in concluding his memorandum in opposition to Nestle's Motion for Sanctions, assures this Court that: "It Ain't Over Till the Fat Lady Sings." Plaintiff's Memorandum in Opposition at 11. (Doc 181).

Further, to date, McKenna has filed four Charges of Discrimination with the Ohio Civil Rights Commission and the EEOC; two federal lawsuits; two appeals with the Sixth Circuit; two petitions for hearing en banc with the Sixth Circuit; two petitions for writ of certiorari in the United States Supreme Court; two bar complaints with the Columbus Bar Association; one complaint of attorney misconduct with the Sixth Circuit; and has attempted to convince the Federal Bureau of Investigation and the United State's Attorney's Office to file charges against Nestle. All of these filings have emanated from Nestle's termination of McKenna's employment and the accompanying litigation.

Thus, in order to prevent harassing filings in the future, McKenna is prohibited from filing additional documents in this action without leave of court. Additionally, McKenna is now explicitly warned that any submission of documents to this Court for filing which are unnecessarily repetitive or harassing to Nestle and its counsel will result in additional sanctions, including attorneys' fees. Nestle's Motion to Declare Kevin McKenna a Vexatious Litigator and for Pre-filing Restrictions is, therefore, **GRANTED.**

This Court's decisions on the foregoing Motions render McKenna's recently-filed Request for Case Status Conference (Doc. 174) **MOOT.**

## IV. CONCLUSION

For the reasons stated above, McKenna's Motion to Set Aside Judgment for Fraud on the Court is **DENIED**. Nestle's Motion for Sanctions and to Declare Kevin McKenna a Vexatious Litigator is **DENIED** in part and **GRANTED** in part. This case is **DISMISSED.** All remaining pending motions are **MOOTED.**

**IT IS SO ORDERED.**

    s/Algenon L. Marbley

**Algenon L. Marbley**

**United States District Judge**

DATED:  January 3, 2011