# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KEVIN H. MCKENNA, | Case No. 2:05-cv-976 |
| Plaintiff, | |
| | JUDGE ALGENON L. MARBLEY |
| v. | |
| | Magistrate Judge Kemp |
| NESTLE PURINA PETCARE CO., | |
| Defendant. | |

## ORDER STRIKING PLAINTIFF'S MOTION AND AWARDING ATTORNEYS' FEES

This matter comes before the Court on McKenna's Motion to Set Aside Judgment for Mistake/Clear-Error (Dkt. 201), and Nestle's Motion to Strike Plaintiff's Motion to Set Aside (Dkt. 202.) McKenna, proceeding pro se, brings his Motion to Set Aside Judgment under Fed. R. Civ. P. 60(b)(1) and requests the Court to set aside its January 3, 2011 Order dismissing the case. (Dkt. 199.) Nestle, in turn, moves the Court to strike McKenna's motion and hold McKenna in contempt of court. Nestle, additionally, requests that the Court award it the reasonable attorneys' fees incurred in responding to McKenna's motion.

Because McKenna filed his instant motion without first obtaining the Court's leave to do so, in direct violation of the Court's January 3, 2011 Order, (Dkt. 199), and because McKenna's instant motion is brought for no apparent purpose other than to harass Nestle and the Court and to attempt to re-litigate settled issues, Nestle's Motion to Strike Plaintiff's Motion to Set Aside is **GRANTED**, and McKenna's Motion to Set Aside Judgment is, accordingly, **DENIED**. Additionally, McKenna is **ORDERED** to reimburse Nestle for all reasonable attorneys' fees and costs incurred by Nestle in responding to McKenna's Motion to Set Aside.

In its January 3, 2011 Order denying McKenna's prior Motion to Set Aside Judgment for Fraud on the Court, (Dkt. 176), the Court determined McKenna's asserted grounds for setting aside its prior judgment to be without merit, and declared McKenna a vexatious litigator. (Dkt. 199, p.9.) Although the Court declined to award Nestle attorneys' fees for McKenna's filings at that time, it could not have been clearer in its warning to McKenna that any further unapproved filings would incur harsh sanctions, including an award of attorneys' fees:

> McKenna is prohibited from filing additional documents in this action without leave of court. Additionally, McKenna is now explicitly warned that any submission of documents to this Court for filing which are unnecessarily repetitive or harassing to Nestle and its counsel will result in additional sanctions, including attorneys' fees.

(*Id.*)

McKenna's new filing serves as conclusive proof to this Court (if any further proof was necessary) that even specific orders and warnings from the Court will not deter McKenna from persisting in his vexatious filings, at the expense of Nestle and the public's resources. McKenna did not seek leave of the Court to file his instant motion—nor would he have been granted such leave—as the motion is simply another attempt to receive a more favorable judgment on the issues settled by this Court and the Sixth Circuit in this case. In this motion, brought now one day and one year after this Court's prior order, McKenna admittedly seeks simply to "provide[] notice and opportunity for this Court to review that decision," (Dkt. 203), but still provides no new evidence or legal bases which warrants his request. McKenna's filing constitutes contempt of this Court's express orders.

The Court is at a loss in comprehending any alternative motivation it can provide McKenna, other than financial, which will prevent him from further violations of its orders through additional cumulative filings. McKenna's actions exhibit not only an utter disregard for

2

the Court's orders and authority, but a complete lack of appreciation for the financial burden he has needlessly imposed, and continues to impose, upon Nestle each time he forces it to respond to another of his filings. The Court has given McKenna more than sufficient notice that financial sanctions would be forthcoming if he persisted in filing frivolous and harassing documents. Nestle's request for attorney's fees is therefore justified. *See Bailey v. Columbus Bar Ass'n*, 25 F. App'x 225, 229 (6th Cir. 2001) (granting defendant's motion for attorneys fees and costs against pro see litigant for frivolous appeal, where "the district court's ruling on his claims put [plaintiff] on notice that they were wholly meritless," but "[Plaintiff], nonetheless, proceeded to bring a frivolous appeal against multiple defendants, causing them unnecessary effort and expense in their defense").

Nestle's Motion to Strike Plaintiff's Motion to Set Aside is **GRANTED**, and McKenna's Motion to Set Aside Judgment is **DENIED**. Nestle's request for sanctions and attorneys' fees against McKenna is **GRANTED**. In addition to reissuing its prior order prohibiting McKenna from filing any further documents without first seeking leave of the Court, McKenna is **ORDERED** to reimburse Nestle for all reasonable attorneys' fees and costs incurred by Nestle in responding to McKenna's Motion to Set Aside.

Nestle is directed to submit a detailed statement of fees and costs incurred relating to responding to McKenna's motion within 14 days of this Order.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                         **JUDGE ALGENON L. MARBLEY**

**Dated: June 19, 2012**